**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael RODRIGUEZ,**
**Defendant–Appellant.**

No. 89–1527.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 16, 1990.
Decided Feb. 23, 1990.

Richard S. Murray, Asst. U.S. Atty., Donald A. Davis, Asst. U.S. Atty., argued, Grand Rapids, Mich., for plaintiff-appellee.

Anthony J. Valentine, argued, Grand Rapids, Mich., for defendant-appellant.

Before KENNEDY and GUY, Circuit Judges, and LIVELY, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Appellant Michael Rodriguez appeals his sentence for conspiracy to distribute marijuana. Rodriguez pled guilty but reserved the right to challenge the quantity of marijuana involved, a controlling factor under the Sentencing Guidelines. He claims the District Court erred by placing on him the burden of proof with regard to contested facts at sentencing and by incorrectly applying the Guideline provision governing attempts and conspiracies. We reject appellant's claims and AFFIRM the District Court's judgment.

Appellant and three other individuals pled guilty to participation in a conspiracy to possess and distribute more than 100 kilograms (220 pounds) of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). At sentencing, the court heard evidence and argument regarding the quantity of marijuana involved and ruled that although appellant was charged with conspiring to possess and distribute over 100 kilograms, he could reasonably have obtained only 60 kilograms (132 pounds). His base offense level was set at 20, placing him in the 33 to 41 months range under the Guidelines. The District Court sentenced him to 36 months.

The indictment against appellant and his codefendants resulted from an investigation involving a government informant, Darrell Fenstermacher. The informant recorded various conversations relating to the purchase of a large quantity of marijuana. One codefendant, Louis Fryhover, told the informant that he and the other coconspirators could import into Michigan marijuana in the amounts of 30, 500, 1000, and 2000 pounds through migrant workers. At a later meeting, appellant asked the informant if he could handle a hundred a week. Appellant was recorded saying "[y]ou have to be able to do a hundred a week. We want to see if you can handle

it." The first installment of these continuing shipments was delivered to the informant on June 22, 1988 and was seized by agents at that time. That installment consisted of 35 pounds of marijuana. Thus, the conspiracy involved *negotiated* amounts of hundreds of pounds, while the *actual* delivery was only 35 pounds.

Relying on Sentencing Guideline section 2D1.4(a), the district judge set appellant's base offense level for the attempted conspiracy as though the negotiated amounts had been delivered. Appellant argues that the District Court incorrectly placed the burden of proof on him to show that his offense level should be reduced. He also claims that the District Court erred in finding that he would have been able to deliver 60 kilograms (132 pounds) of the amount negotiated with the informant.

■ Although this Circuit has held that the government bears the burden of proof to establish facts that would enhance a sentence and that the level of proof is by a preponderance of the evidence for contested facts, we have not ruled on who has the burden of proof for downward adjustments. *United States v. Silverman*, 889 F.2d 1531 (6th Cir.1989). While novel in this Circuit, the question has been considered by several others. Consistently with those circuits, we now hold that when a defendant seeks to establish facts which would lead to a sentence reduction under the Guidelines, he shoulders the burden of proving those facts by a preponderance of the evidence.

Appellant was sentenced under section 2D1.4 of the Sentencing Guidelines, which provides:

(a) Base Offense Level: If a defendant is convicted of participating in an incomplete conspiracy or an attempt to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy or attempt had been completed.

The Commentary and Application Notes to that section say:

1. If the defendant is convicted of a conspiracy that includes transactions in controlled substances in addition to those

that are the subject of substantive counts of conviction, each conspiracy transaction shall be included with those of the substantive counts of conviction to determine scale. If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. Where the defendant was not reasonably capable of producing the negotiated amount the court may depart and impose a sentence lower than the sentence that would otherwise result. If the defendant is convicted of conspiracy, the sentence should be imposed only on the basis of the defendant's conduct or the conduct of co-conspirators in furtherance of the conspiracy that was known to the defendant or was reasonably foreseeable.

The district judge set appellant's base offense level by looking at the negotiated amount contemplated by their foiled conspiracy. It appears that he placed the burden of proving this negotiated amount on the government. After hearing evidence and argument on March 2, 1989 regarding the amount involved, he found as a matter of fact that appellant had proved he could only produce 60 kilograms (132 pounds) of marijuana and sentenced him accordingly.[1]

*Assigning the Burden of Proof*

Before enactment of the Sentencing Guidelines, it was not necessary to determine the burden of proof to be applied when the sentencing judge decided a factual question relied upon in sentencing, *see McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986), since judges were given broad discretion and the resolution of any one fact would not present itself as an appealable issue. "The Guidelines, though, in an attempt to reduce disparities and improve fairness in sentencing, have imposed a scheme by which a single factual determination could significantly affect the prescribed sentence." *United States v. McDowell*, 888 F.2d 285, 290 (3d Cir.1989). The

question presented in this case is thus an important one for proper application of the Guidelines.

The question of who bears the burden of proof on factual issues that will decrease a sentence was addressed by the Fourth Circuit in *United States v. Urrego–Linares*, 879 F.2d 1234 (4th Cir.1989). *Urrego–Linares* relied on pre-Guideline cases which required the government to bear the burden of proof regarding matters in the presentence report. As the Fourth Circuit pointed out, the disputed matters in these cases had the potential effect of increasing the defendant's sentence. In circumstances where a defendant advances a mitigating factor which if accepted by the court would potentially reduce the sentence, that circuit held that defendant should bear the burden of proof to establish the mitigating factors. Other circuits have reached the same result. *McDowell*, 888 F.2d at 291.

The burden of proof is ordinarily placed upon the party who benefits from the establishment of a fact. Moreover, mitigating circumstances are more likely to be within the defendant's knowledge than the government's. They may require the defendant's testimony which the government may not be able to compel.

Appellant relies on *United States v. Dolan*, 701 F.Supp. 138 (E.D.Tenn.1988), in which the district court placed the burden of proof of all facts on the government whether they would potentially increase or decrease the sentence. The sentence in *Dolan* was affirmed by this Court on other grounds. The Court expressly held that it was not deciding the issue of which party bore the burden of persuasion. *United States v. Dolan*, 890 F.2d 855 (6th Cir. 1989). We now expressly reject *Dolan*'s requirement that the government bear the burden of proof on factual issues that could decrease a potential sentence.

*Application of the Sentencing Guidelines*

■ Appellant alternatively claims the court misapplied the Guidelines in finding

---

1. The District Court stated, however, that the burden of proving the amount asserted by the government "would be on the government. If the defendants believe they can get out from under that [by showing that a lesser amount was involved] ..., the burden would be on them to convince the Court of it...."

that appellant was capable of delivering 60 kilograms of marijuana. He argues that this factual determination was clearly erroneous.[2] Upon review of the record, we find sufficient support for the District Court's findings. The appellant was recorded telling the government informant that he could produce "100 a week." His coconspirators also corroborated this statement. One said at the first meeting that they would supply "ten at a time for the first 100," obviously indicating their intention to provide quantities in excess of 100 kilograms. Appellant responds that these statements were mere "puffing" and that the actual amounts intended to be delivered were much less. However, the District Court took that into consideration in reaching its conclusion, finding that appellant was not able to deliver the full amount the government claimed, but rather the lesser amount of 60 kilograms (132 pounds). That determination is not clearly erroneous.

Accordingly, the judgment of the District Court is AFFIRMED.

---

**2.** Our standard of review is given in 18 U.S.C. § 3742(e):

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.