915 F.2d 1573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bobby Lee HARRIS, (90-5103)
Howard O'Brien Tharpe, (90-5104)
Harry Walker Hayes, (90-5467)
Gerald Tharpe, (90-5577) Defendants-Appellants.
 Nos. 90-5103, 90-5104, 90-5467 and 90-5577.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Bobby Lee Harris, Howard O'Brien Tharpe, Harry Walker Hayes and Gerald Tharpe appeal the sentences imposed by the district court following their jury convictions on various drug related charges. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendants were originally sentenced by the district court on July 8, 1988. They were not sentenced under the federal sentencing guidelines because the district court concluded that the guidelines were unconstitutional. On appeal, this court affirmed defendants' convictions, but remanded the cases to the district court for resentencing under the guidelines in light of the Supreme Court's decision in Mistretta v. United States, 488 U.S. 361 (1989).
 
 
 3
 After resentencing, each defendant has filed a timely appeal, challenging his sentence. Defendants assert that the district court erroneously increased their base offense level by two levels for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1. Specifically, they claim: (1) the increase for obstruction of justice was made without any evidentiary foundation or any opportunity for defendants to confront or cross-examine witnesses or examine the evidence; and (2) since the district court ruled at the original sentencing hearing that it would not consider obstruction of justice as a sentencing factor, the government was collaterally estopped from seeking an enhancement for obstruction of justice at resentencing. In addition, Hayes and Gerald Tharpe assert that the district court erred in failing to decrease their base offense level by two levels for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. Finally, Gerald Tharpe asserts that the district court erred in calculating his base offense level based upon the amount of drugs involved pursuant to U.S.S.G. Sec. 2D1.1.
 
 
 4
 Upon review, we affirm the district court's judgments. A review of the record reveals that the district court properly applied the guidelines in sentencing defendants.
 
 
 5
 First, collateral estoppel does not bar the two level enhancement for obstruction of justice which was applied to each defendant at resentencing. See United States v. Jackson, 903 F.2d 1313, 1316 (10th Cir.1990). Second, a preponderance of the evidence supports the district court's decision to enhance each defendant's base offense level by two levels for obstruction of justice. See United States v. Castro, 908 F.2d 85, 90 (6th Cir.1990). Third, neither Hayes nor Gerald Tharpe met their burden of establishing facts supporting a reduction of their sentences for acceptance of responsibility by a preponderance of the evidence. United States v. Rodriguez, 896 F.2d 1031, 1033 (6th Cir.1990). Finally, the district court correctly calculated Gerald Tharpe's base offense level based upon the negotiated amount of two kilograms of cocaine. United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 109 S.Ct. 3227 (1989).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.