920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven J. CORGGENS, Defendant-Appellant.
 No. 90-3351.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Steven Corggens, challenges the sufficiency of the evidence supporting his conviction under 18 U.S.C. Sec. 924(c) for using a firearm during or in relation to a drug trafficking crime.[1] Defendant also appeals the district court's denial at sentencing of a two-point reduction in his base offense level for acceptance of responsibility under the Federal Sentencing Guidelines. Finally, the defendant appeals the district court's denial of a motion to suppress evidence seized during a search of his car. Finding no errors compelling reversal, we affirm.
 
 I.
 
 2
 The government enlisted Ricardo Sims, an undercover informant, to purchase cocaine from the defendant. Sims purchased cocaine on four occasions while being surveilled by the Federal Bureau of Investigation. All of Sims' meetings with the defendant took place at defendant's home, either in his living room or on his porch. On August 3, 1989, one day after the final controlled purchase, the government obtained a search warrant for the defendant's home. It was executed on August 4, 1989.
 
 
 3
 The search uncovered several firearms in defendant's home. Although the officers searched the entire house, most of the guns were found in defendant's upstairs bedroom. A detective found an unloaded, semi-automatic pistol in a free standing closet under some clothing; an unloaded .25 caliber pistol in a box on the floor under defendant's bed; and an unloaded shotgun in the bedroom closet. Also in the bedroom were a number of shoe boxes containing shotgun shells, three 9mm magazines (one of which was partially loaded), and a magazine loading tool. In a paper bag near the shoe box were three small boxes of 9mm ammunition. Additionally, the government seized $600 in cash, a pager, and jewelry from the defendant's dresser. No drugs or drug paraphernalia were found upstairs.
 
 
 4
 On the first floor, officers found 478.10 grams of cocaine in a storage space hidden under a stairway as well as a triple beam scale under the kitchen sink. The officers also searched defendant's car and found an electric stun gun between its bucket seats. The car was parked on a lot adjacent to the house.
 
 
 5
 The firearms were traced to Thomas Randall, a resident of Toledo. At trial, Randall testified that the guns belonged to him and that he had stored them at defendant's home for safekeeping. Randall never contacted the government to claim his guns despite the fact that he knew the defendant was charged with possessing them.
 
 
 6
 Defendant filed a motion to suppress evidence seized during the search of his home. Defendant argued that there was insufficient probable cause to support the issuance of the warrant because "there was always a time lapse between the purchase and the delivery [of the drugs]," which supposedly indicated that the drugs were not stored at his home, and "delivery was never at the Buckingham Street address [defendant's home]." (App. at 31). Testimony at trial demonstrated, however, that the transactions took place at defendant's home. Defendant did not object to the search of his car in the motion to suppress.
 
 
 7
 Defendant filed a motion in limine on January 23, 1990, to exclude the fruits of the search, including the pager, cash, stun gun, and jewelry, arguing they were irrelevant and highly prejudicial. The court denied this motion.
 
 
 8
 A jury found defendant guilty of four counts of distribution of cocaine and one count of possession with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). The jury also found the defendant guilty of using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). On April 3, 1990, the court sentenced the defendant to a five-year prison term for his violation of 18 U.S.C. Sec. 924(c)(1), to be served consecutively to his sentence on the other five counts.
 
 II. Sufficiency of the Evidence
 
 9
 Count VI of the indictment charged defendant with a violation of 18 U.S.C. Sec. 924(c)(1), which provides that:
 
 
 10
 (c)(1) Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years....
 
 
 11
 Defendant argues that the evidence did not establish a sufficient connection between the firearms found in defendant's bedroom and defendant's drug trafficking offenses.
 
 
 12
 The evidence that supports the jury's guilty verdict is circumstantial in nature. Circumstantial evidence, however, is sufficient to sustain a conviction and does not need to remove every hypothesis except that of guilt. United States v. Stone, 748 F.2d 361, 363 (6th Cir.1974). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989).
 
 
 13
 In discussing the nexus between a drug trafficking crime and the presence of firearms at the home of a defendant, this court, in United States v. Henry, 878 F.2d 937 (6th Cir.1989), adopted the so-called "fortress analogy" theory. This theory holds that "if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to protect the drugs or otherwise facilitate a drug transaction, then such firearms are used 'during and in relation to' a drug trafficking crime." Id. at 944. In Henry, police apprehended the defendant in an automobile parked on a driveway near the defendant's farmhouse. Police officers searched defendant's residence and found two firearms as well as a substantial quantity of marijuana. We concluded that the two firearms found in the defendant's house could be used to support a section 924(c)(1) conviction, even though the defendant did not have actual possession of the firearms at the time he was arrested. See United States v. Robinson, 857 F.2d 1006 (5th Cir.1988); United States v. Matra, 841 F.2d 837 (8th Cir.1988).
 
 
 14
 The fortress analogy is applicable to the facts here. Just as in Henry, the search of the defendant's home uncovered a large amount of drugs, some drug paraphernalia, including a triple beam scale and a pager, and assorted firearms and ammunition. Under the fortress analogy theory, a rational jury could have found that the firearms discovered in defendant's bedroom were used "in relation to ... drug trafficking...." We conclude that the evidence was sufficient to support a conviction under section 924(c)(1).
 
 III. Base Offense Level Reduction
 
 15
 Defendant also appeals the district court's denial of a two-point reduction in his sentence computation for acceptance of responsibility. Great deference is given the trial court with regard to acceptance of responsibility determinations, and the sentencing judge's decision should be sustained unless it is clearly erroneous. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989); see Application Note 5 to Guidelines Sec. 3E1.1.
 
 
 16
 Whether or not a defendant has accepted responsibility for his crime is a factual question. The Sixth Circuit has held that "when a defendant seeks to establish facts which would lead to a sentence reduction under the Guidelines, he shoulders the burden of proving these facts by a preponderance of the evidence." United States v. Rodriguez, 896 F.2d 1031, 1032 (6th Cir.1990). In the opening statement and the closing argument, defendant's counsel correctly stated that defendant had a drug problem and, during sentencing, defendant stated that he "accept[ed] full responsibility." (App. at 298). At sentencing, the district court stated that it would deny any reduction for acceptance of responsibility because defendant, "by going to trial and denying his guilt, and then afterwards maybe conceding some guilt, [that] is not enough." (App. at 337). Application Note 2 the Guidelines states that "[a] defendant may manifest sincere contrition even if he exercises his constitutional right to a trial." (Emphasis added). The trial court concluded that defendant's mere statement indicating acceptance of responsibility does not prove contrition by a preponderance of the evidence. We are unable to say that this conclusion is clearly erroneous.
 
 IV. Denial of Hearing on Motion to Suppress
 
 17
 Defendant argues that the district court erred when it denied his motion to suppress upon the recommendation of the magistrate without a hearing. Defendant further argues that the police officers' search of his car was not within the scope of the search warrant and, thus, the stun gun should have been suppressed. We find that this issue is not properly before us.
 
 
 18
 "A court need not act upon general or conclusory assertions founded on mere suspicion or conjecture, and the court has discretion in determining the need for a hearing." United States v. Richardson, 764 F.2d 1514, 1527 (1985). Corggens' motion to suppress was conclusory and failed to articulate any particular basis for lack of probable cause. Thus, the district court did not err when it denied defendant's motion to suppress.
 
 
 19
 Additionally, the defendant is foreclosed from raising the admissibility of the stun gun on appeal because this issue was never properly raised in the district court. The defendant's motion to suppress and supporting memorandum make no objection to the search of his car by police. (App. at 23, 30-31). Instead, defendant argued at trial that there was no probable cause to search his home because no drugs were sold from his residence. (App. at 30). The defendant's only explicit reference to the stun gun was in his motion in limine. A motion in limine does not challenge the legality of the search but, rather, its prejudicial nature. Unless exceptional circumstances are present, we will not address an issue raised for the first time on appeal. See Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). The case before us does not present any exceptional circumstances.
 
 
 20
 Even if the admissibility of the stun gun were properly raised on appeal, we find any resulting error harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18 (1967). Of the evidence resulting from the search, the stun gun was by far the least damaging to the defendant's case. The stun gun, unlike the other weapons discovered, was found in the car and not the defendant's house.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Defendant was also convicted of four counts of cocaine distribution and one count of possession of cocaine with intent to distribute, pursuant to 21 U.S.C. Sec. 841(a)(1). He does not challenge these convictions