944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos CALZADILLA, Defendant-Appellant.
 No. 90-3865.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1991.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHNSTONE, District Judge.*
 
 ORDER
 
 2
 Carlos Calzadilla, a federal prisoner, appeals the sentence imposed by the district court following his conviction on drug related charges. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 In June 1990, a jury convicted Calzadilla of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to seventy-eight months imprisonment. Thereafter, Calzadilla filed a timely appeal, asserting: (1) that the court erred in determining that his base offense level was twenty-six and not twenty-four; (2) that the court erred in not reducing his total offense level by two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; (3) that the court erred in not reducing his total offense level by four levels for being a minimal participant pursuant to U.S.S.G. § 3B1.2; (4) that the court erred in adding two levels to his total offense level for the possession of a firearm during a drug offense pursuant to U.S.S.G. § 2D1.1(b)(1); and (5) that the sentence imposed by the district court is an unconstitutional upward departure from the guidelines, because the district court erred in calculating his offense level under the guidelines.
 
 
 4
 Upon review, we conclude that the district court properly applied the guidelines in calculating Calzadilla's total offense level. The district court properly applied the guidelines by considering all the cocaine as relevant conduct, even that involved in the counts upon which Calzadilla was acquitted. See United States v. Moreno, 933 F.2d 362, 374 (6th Cir.1991). Moreover, the district court's findings that Calzadilla was not entitled to a downward adjustment as a minimal participant or for acceptance of responsibility, as well as the finding that Calzadilla's offense level should be enhanced for possession of a firearm are not clearly erroneous. See United States v. Robison, 904 F.2d 365, 370 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990). Calzadilla failed to satisfy his burden of establishing facts that would entitle him to a reduction for either acceptance of responsibility or as a minimal participant by a preponderance of the evidence. See United States v. Rodriguez, 896 F.2d 1031, 1032-33 (6th Cir.1990). Furthermore, the government did satisfy its burden of establishing the facts necessary for the upward adjustment for possession of a firearm by a preponderance of the evidence. Id.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, U.S. District Judge for the Western District of Kentucky, sitting by designation