945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy J. DRINNON, Defendant-Appellant.
 No. 91-5225.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 ORDER
 Billy J. Drinnon, a federal prisoner, challenges the sentence imposed by the district court following his conviction on charges involving the filing of false claims with the Internal Revenue Service. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, counsel for both parties have waived oral argument in this case.
 In October 1990, Drinnon pled guilty, pursuant to a Fed.R.Crim.P. 11 plea agreement, to one count of conspiracy to defraud the Internal Revenue Service by submitting false, fictitious and fraudulent claims, in violation of 18 U.S.C. § 286; one count of willfully and knowingly making and presenting and causing to be presented false claims to the Department of the Treasury, Internal Revenue Service, in violation of 18 U.S.C. § 287; and one count of aiding and abetting the filing of false claims with the Department of the Treasury, Internal Revenue Service, in violation of 18 U.S.C. § 2. He was sentenced to 27 months imprisonment and ordered to pay $4,507.16 in restitution. Drinnon filed a timely appeal asserting: (1) that the trial court erred in determining his offense level pursuant to U.S.S.G. § 2F1.1, by including as relevant conduct fraudulent tax transactions (false tax returns) with which Drinnon had no involvement; and (2) that the trial court erred in increasing his total offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1.
 
 
 1
 Upon review, we conclude that the district court properly applied the sentencing guidelines. The district court's calculation of Drinnon's base offense level under U.S.S.G. § 2F1.1 is not clearly erroneous. United States v. Walton, 908 F.2d 1289, 1301 (6th Cir.), cert. denied, 111 S.Ct. 273, 111 S.Ct. 530, and 111 S.Ct. 532 (1990). Moreover, the increase in Drinnon's offense level pursuant to U.S.S.G. § 3C1.1 was proper, because the government satisfied its burden of establishing the existence of facts leading to the adjustment by a preponderance of the evidence. United States v. Rodriguez, 896 F.2d 1031, 1033-34 (6th Cir.1990).
 
 
 2
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.