955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jimmy W. DAVIS, also known as Rufus Davis, Defendant-Appellant.
 No. 91-5904.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1992.
 
 1
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI, District Judge.*
 
 ORDER
 
 2
 Jimmy W. Davis, a federal prisoner, appeals the sentence imposed by the district court following his conviction for conspiracy to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 846, and for using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument.
 
 
 3
 Davis pleaded guilty in April 1991 to the two counts described above. In return, the government agreed to seek dismissal of a third count of possession with intent to distribute marijuana, to recommend the lowest sentence within the guideline range, and to support a two-level reduction for acceptance of responsibility. Davis and two companions were arrested when they attempted to buy ten pounds of marijuana from an undercover agent.
 
 
 4
 Davis argued both in his position paper on sentencing factors and at his sentencing proceeding that he was entitled to a reduction under U.S.S.G. § 3B1.2 as a minor or minimal participant. The district court rejected this argument, finding that Davis played a substantial role in the transaction. Davis's basic offense level of twelve for his conspiracy conviction was lowered by two levels for acceptance of responsibility. With a total offense level of ten and a criminal history category of II, Davis's guideline sentencing range was 8-14 months. In accordance with the government's recommendation, the district court sentenced Davis to eight months imprisonment on the conspiracy count. The district court also imposed a mandatory five-year sentence on the firearm count, four years supervised release, and a $100 special assessment.
 
 
 5
 On appeal, Davis argues that the district court erred by not granting him a two-level reduction due to his mitigating role in the offense.
 
 
 6
 Upon review, we conclude that the district court's finding that Davis played a substantial role in the transaction for which he was convicted is not clearly erroneous. See 18 U.S.C. § 3742(e); United States v. Anders, 899 F.2d 570, 580 (6th Cir.), cert. denied, 111 S.Ct. 532 (1990). The defendant has the burden of proving facts which would lead to a sentence reduction under the guidelines by a preponderance of the evidence. See United States v. Rodriguez, 896 F.2d 1031, 1032 (6th Cir.1990). Davis did not meet this burden.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation