961 F.2d 1580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony RICCI, Defendant-Appellant.
 No. 91-1618.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1992.
 
 Before DAVID NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Tony Ricci, who pleaded guilty to cocaine distribution, here appeals the sentence imposed under the sentencing guidelines. He contends that the district court erred in calculating the amount of cocaine for which he should be held responsible. Finding the contention unpersuasive, we shall affirm the sentence.
 
 
 2
 * Dominick Braccio, a special agent of the Drug Enforcement Administration, first met Tony Ricci on November 2, 1988, at a bar in Harrison Township, Michigan. At this meeting the two men discussed a potential cocaine purchase. On December 2, 1988, Agent Braccio and Mr. Ricci met again. They went to Mr. Ricci's home on Beamer Street, where Agent Braccio suggested that he would like to buy a quarter kilogram of cocaine from Mr. Ricci.
 
 
 3
 On December 14, 1988, Ricci told Agent Braccio that his brother Joe was picking up a quarter kilo of cocaine for someone else. On December 16, Agent Braccio said that he wanted to purchase the quarter kilo, but Mr. Ricci told him that his brother had already sold it. Later that day, Mr. Ricci took Agent Braccio to a house in Detroit where Agent Braccio purchased an ounce of cocaine for $1,000 from an individual named Pat Bates.
 
 
 4
 On February 10, 1989, Mr. Ricci gave Agent Braccio a price of $23,000 for a kilogram of cocaine. Agent Braccio subsequently went to Mr. Ricci's house on Beamer Street with a view to buying a quarter kilo for $6,500. At the house, Agent Braccio met Joe Ricci (the defendant's brother) and Pete Bochan. Tony Ricci told Agent Braccio that these two and a man named James Work were his main sources of supply for larger quantities of cocaine. Tony Ricci had Agent Braccio wait with him while the others went to pick up the quarter kilo of cocaine. After waiting in vain for the men to return, Agent Braccio left and told Mr. Ricci he would come back another time to pick up his quarter kilo.
 
 
 5
 Agent Braccio went back to the Beamer Street house on March 10 and again met with Tony Ricci and Pete Bochan. After weighing out a quantity of cocaine, Ricci told Agent Braccio that he could sell him only half an ounce. Agent Braccio bought seven grams for $300. Later that day, Agent Braccio went to Bochan's house and purchased an additional two ounces of cocaine.
 
 
 6
 On April 5, Agent Braccio met with Mr. Bochan at a restaurant near the Beamer Street house for the purpose of buying a half kilo of cocaine. The price was to be $11,000. Upon arriving at the restaurant, Bochan told Agent Braccio to go to a street behind Ricci's house and wait there while Bochan went to Ricci's to pick up the cocaine. Several minutes later, Bochan returned with half a kilogram of cocaine. Agent Braccio took the cocaine and had no further contact with Mr. Ricci.
 
 
 7
 A grand jury returned a four-count indictment against Ricci. Pursuant to a Rule 11 plea agreement, he pleaded guilty to a count that charged him with distribution of cocaine on December 16, 1988, in violation of 21 U.S.C. § 841(a)(1).
 
 
 8
 A pre-sentence report prepared by a probation officer indicated that Mr. Ricci was responsible for 810.9 grams of cocaine. This total included (1) 28.9 grams sold by Pat Bates to Agent Braccio on December 16, 1988; (2) 250 grams discussed by Agent Braccio and Mr. Ricci on February 10, 1989; (3) 32 grams purchased by Agent Braccio on March 10, 1989;* and (4) 500 grams purchased by Agent Braccio on April 5, 1989. Allowing Mr. Ricci a two-level reduction for acceptance of responsibility, the report assigned him an offense level of 24. The defendant was placed in Criminal History Category II. The guideline sentencing range produced by these variables was imprisonment for between 57 and 71 months.
 
 
 9
 Mr. Ricci filed objections to the report, specifically challenging the amount of cocaine used in the offense level computation. The district court conducted a sentencing hearing and found by a preponderance of the evidence that 810.9 grams of cocaine was the proper amount to use in the sentencing calculations. The sentence then imposed by the court--incarceration for 57 months--was at the bottom of the guideline range.
 
 II
 
 10
 Mr. Ricci argues on appeal that the district court should have excluded the 250 grams of cocaine discussed on February 10 and the 500 grams of cocaine purchased by Agent Braccio from Mr. Bochan on April 5, 1989.
 
 
 11
 As to the 250 grams, Mr. Ricci had the burden of proving that he was not capable of producing the amount negotiated. He failed to sustain that burden. See United States v. Rodriguez, 896 F.2d 1031, 1033-34 (6th Cir.1990). As to the 500 grams, Mr. Ricci introduced Mr. Bochan to Agent Braccio for the specific purpose of facilitating drug transactions. Whether or not the 500 grams actually came from Ricci's house, he cannot now disclaim responsibility for the transaction that subsequently took place between Bochan and Bracchio.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The 32-gram figure appears to be erroneous; Agent Braccio testified that he purchased 7 grams from Ricci on March 10 and two ounces--approximately 57 grams--from Bochan. The error, if it was an error, had no effect on the guideline sentencing range