991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward J. BOGGS, Defendant-Appellant.
 No. 91-4162.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1993.
 
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Edward J. Boggs appeals the sentence entered on his guilty plea to wire fraud in violation of 18 U.S.C. § 1343. Defendant contends that the district court: (1) improperly relied on the presentence report to determine the amount of the attempted loss in violation of his Sixth Amendment rights; and (2) erroneously placed the burden of persuasion on defendant to establish the proper amount of the attempted loss for sentencing purposes. For the following reasons, we AFFIRM the judgment.
 
 
 2
 Defendant pled guilty to one count of wire fraud in exchange for the government's agreement not to pursue other federal violations for similar activities and violations committed while on bond. The fraud involved defendant's attempt to obtain stereo equipment by ordering merchandise by phone from various Canadian and American companies, and promising to pay by wire transfer from a non-existent bank account. After placing the order, defendant would call back posing as a bank employee confirming the wire transfer. Later, the Royal Canadian Mounted Police ("RCMP") and the FBI made a controlled delivery of stereo equipment, worth $8,629.80, to defendant's California home. In a search of defendant's bedroom, the FBI recovered 28 boxes of record albums.
 
 
 3
 In the presentence report, each of defendant's attempts to obtain stereo equipment was considered relevant conduct for purposes of sentencing. The calculated loss that was attempted to be caused by defendant's fraud was $153,812.80 (composed of $145,183 Canadian and $8,629.80 American), which increased the base offense level by seven, resulting in a total offense level of 17.
 
 
 4
 Prior to sentencing, defendant filed objections to three portions of the pre-sentence report, including: (1) the amount of the loss; (2) a two-point addition for obstruction of justice; and (3) denial of a two-point reduction for acceptance of responsibility. More particularly, defendant asserted that the attempted loss was based on uncorroborated hearsay. The district court revised the amount of the attempted loss, reduced the total offense level by one from the earlier calculation to 16, and denied the other objections. Defendant was sentenced to thirty months imprisonment.
 
 I.
 
 5
 " '[A]s a matter of due process, factual matters may be considered as a basis for sentence only if they have some minimal indicium of reliability beyond mere allegation.' " United States v. Smith, 887 F.2d 104, 108 (6th Cir.1989) (quoting United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir.1982)); United States v. Silverman, 976 F.2d 1502 (6th Cir.1992) (en banc ), pet. for cert. filed (Dec. 21, 1992). A sentencing judge may consider any information provided in the presentence report so long as it has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3 Commentary. In this action, the loss or attempted loss does not have to be determined with precision. U.S.S.G. § 2F1.1 Application Note 8. In fact, the court is required only to make a reasonable estimate, which may be based on general factors such as the nature and duration of the fraud or the number of victims and average loss to each. Id. Due process requires the use of a preponderance of evidence standard in determining the relevance and reliability of the evidence. See Silverman, 976 F.2d at 1513.
 
 
 6
 Defendant complains that because the RCMP apparently listed the losses in Canadian dollars, that was an indicium of unreliability, as there was no evidence in court about the conversion rate between Canadian and American dollars. If the Federal Rules of Evidence were applicable in sentencing hearings, that would be a matter the court could take judicial notice of, see Fed.R.Evid. 201(b)(2), as the conversion rate would be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. At defendant's request, the court reduced the amount of loss by twenty percent to account for any possible effect of the exchange rate. The level at which the court calculated the loss has a range of between $70,000 and $120,000. To reduce the base offense level to the next lower guideline level would require an exchange rate of less than fifty American cents to the Canadian dollar. See U.S.S.G. § 2F1.1(b)(1)(G). If defendant were serious about the exchange rate being misfigured, he could easily have requested the court to have taken judicial notice of the rate prominently displayed in many daily newspapers. See Fed.R.Evid. 201. At no time during the sentencing procedure or later did defendant suggest a more accurate conversion rate.
 
 
 7
 The government relied on information from the RCMP report and the FBI investigation and controlled delivery to determine the approximate amount of loss the defendant's fraud scheme would have caused. The RCMP report was written after an official investigation, and was corroborated by eyewitness information. Thus, the information relied on by the district court to determine the amount of the attempted loss met the necessary standard of reliability by having at least a "minimal indicium of reliability." See United States v. Herrera, 928 F.2d 769, 773 (6th Cir.1991).
 
 II.
 
 8
 Although the prosecution has the burden of proof to establish facts to enhance a sentence, "when a defendant seeks to establish facts which would lead to a sentence reduction under the Guidelines, he shoulders the burden of proving those facts by a preponderance of the evidence." United States v. Rodriguez, 896 F.2d, 1031, 1032 (6th Cir.1990). Where hearsay evidence is considered by the sentencing court, the defendant must establish "that the challenged evidence is materially false or unreliable, and that such false or unreliable information actually served as the basis for the sentence." Silverman, 976 F.2d at 1512 (citing United States v. Robinson, 898 F.2d 1111, 1115-16 (6th Cir.1990)). Thus, defendant had the burden of proving that the amount of attempted loss was based on false and unreliable information. As the defendant failed to meet his burden, the district court properly refused to revise defendant's total offense level below the changes it had already made.
 
 III.
 
 9
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation