16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Marcus SCOTT, Defendant-Appellant.
 No. 93-1543.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1994.
 
 Before: NELSON and BATCHELDER, Circuit Judges; and MATIA, District Judge*.
 PER CURIAM.
 
 
 1
 Appellant, Juan Marcus Scott, appeals his 24-month sentence following entry of a guilty plea to presenting an unlawfully issued money order. His appeal was timely filed.
 
 
 2
 The following issues are presented by appellant for our review:
 
 
 3
 1. Whether the district court improperly allocated to defendant the burden of proof regarding obstruction of justice?
 
 
 4
 2. Whether defendant should be assessed a two level increase for obstruction of justice?
 
 
 5
 3. Whether the district court erred by failing to grant defendant a two level decrease for his alleged acceptance of responsibility?[1]
 
 
 6
 For the reasons that follow, we affirm.
 
 
 7
 * The relevant facts giving rise to appellant's claims are not in dispute. Appellant was charged in a fourteen count Indictment which was filed in the district court on November 19, 1992.
 
 
 8
 Defendant subsequently signed a plea agreement under Fed.R.Crim.P. 11. The plea agreement states in part:
 
 
 9
 9. The Government agrees to support a downward adjustment of two levels under Sec. 3E1.1 of the Sentencing Guidelines, to reflect the Defendant's acceptance of responsibility.
 
 
 10
 On January 15, 1993, after defendant gave conflicting testimony about his guilt, the district court accepted defendant's plea of guilty to Count 6 of the Indictment which charged defendant with presenting an unlawfully issued money order in violation of 18 U.S.C. Sec. 500. At pages 25-26 of the transcript of the change of plea hearing, the District Judge admonished defendant as follows:
 
 
 11
 I don't know why you said to me what you said to me earlier, Mr. Scott. But if you want to take advantage of a plea agreement, you are off on the, you are on the wrong start for two reasons. First of all, based upon what you told me earlier and what you told me now, it would be hard for me to believe that you would ever get 2 points for acceptance of responsibility because it sounds like you have not accepted responsibility but rather you have dodged it.
 
 
 12
 The important person to convince otherwise before April 6th is [the presentence probation officer]. But he or she can recommend that you get a 2-point reduction. I can tell you that, based upon what you have told me, I wouldn't give it to you because you were dodging the issue when you talked to me, and you were doing it out here under oath.
 
 
 13
 Defendant's presentence report ("PSR") was distributed in February 1993. The statutory maximum sentence for the offense is imprisonment for 60 months. The probation officer arrived at a base offense level of 6. Three levels were added under U.S.S.G. Secs. 2F1.1(b)(1)(B) and (b)(2) based on a loss between $2,000 and $5,000 (1 level) and that the offense involved more than minimal planning (2 levels), increasing his offense level to 9. An additional 2 levels were included for obstruction of justice pursuant to U.S.S.G. Sec. 3C1.1. The Guidelines calculations of the probation officer, however, did not include an adjustment for acceptance of responsibility because "Mr. Scott has not accepted responsibility for his criminal behavior." PSR at 7. Therefore, defendant's total offense level was 11. Defendant's criminal history level was determined to be category IV. Defendant's Guidelines range was 18 to 24 months.
 
 
 14
 Scott filed objections to the Guidelines calculations of the probation officer contained in the PSR opposing only the assessment of the two point increase for obstruction of justice and the lack of a two-level decrease for his alleged acceptance of responsibility. The government also filed an objection that asked the district court to find that Scott had "sufficiently accepted responsibility to warrant a two point reduction."
 
 
 15
 Officer Porn, defendant and the probation officer testified at the sentencing hearing which took place on April 6, 1993. At page 30 of the transcript of the hearing, the District Judge stated:
 
 
 16
 [Counsel for defendant], you have got the burden of going forward with this....
 
 The District Judge later stated:
 
 17
 [Counsel for defendant], any additional evidence that you want to present on the questions of acceptance of responsibility or obstruction of justice?
 
 
 18
 Id. at 69. Following arguments from counsel on the appropriate sentence, the district court imposed a sentence of 24 months.
 
 II
 
 19
 As to the first issue raised, "proof" is the end result of conviction or persuasion produced by the evidence. The term "burden of proof" encompasses two separate burdens of proof. One burden is that of persuading the trier of fact that the alleged fact is true. The second is the burden of producing admissible evidence on a particular fact in issue. See McCormick on Evidence Sec. 336 (4th ed. 1992). The burden of producing evidence is sometimes referred to as "the duty of going forward." Id. at n. 3. This is the burden that the District Judge referred to when he stated:
 
 
 20
 [Counsel for defendant], you have got the burden of going forward with this....
 
 
 21
 "With regard to the adjustments contained in Chapter Three of the Sentencing Guidelines, the emerging rule appears to be that the government bears the burden of proving aggravating adjustments and the defendant the burden of proving mitigating adjustments." Gerald T. McFadden et al., 1 Federal Sentencing Manual p 6.07, at 6-52 & 6-53 (1993) (citing United States v. Rodriguez, 896 F.2d 1031 (6th Cir.1990); United States v. McDowell, 888 F.2d 285 (3d Cir.1989); United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989); United States v. Wilson, 884 F.2d 1355 (11th Cir.1989)).
 
 
 22
 We find that the district court did not err as to the burden of proof. The lower court gave defendant the burden of going forward but still required that obstruction of justice be proven by the government by a preponderance of the evidence.
 
 III
 
 23
 With regard to the second issue raised, defendant's failure to disclose seven of his ten prior convictions--considering the magnitude of the failure--certainly constitutes obstruction of justice, since the district court disbelieved defendant's explanation that he "forgot." Further, the PSR at 10-11 shows at least three different names used by defendant when arrested at various times. The PSR is evidence, and defendant's failure to rebut it makes it possible to find by a preponderance of the evidence that defendant used aliases.
 
 
 24
 It is to be noted that appellant misquotes U.S.S.G. Sec. 3C1.1[2] and fails to distinguish Application Note 3(h)[3] which are contra to defendant's position. Defendant quotes Sec. 3C1.1 as follows:
 
 
 25
 If the Defendant willfully impeded or obstructed, or attempted to impede or obstruct, the administration of justice during the investigation or prosecution of the instant offense, increase the level from Chapter 2 by 2 levels.
 
 
 26
 Brief of the Appellant at 5. Conspicuously absent from the above quote is the phrase "sentencing of the instant offense."[4]
 
 
 27
 Like the court below, we have little difficulty concluding that in this case Scott obstructed justice first, by not truthfully explaining what happened in the instant offense; secondly, by not disclosing all of his prior criminal acts; thirdly, by not disclosing his aliases; and fourthly, by not disclosing all things of value which he owned.
 
 IV
 
 28
 Appellant argues in the third issue raised that the district court erred in refusing to reduce the offense level by two levels pursuant to U.S.S.G. Sec. 3E1.1 (November 1991), which provided for a reduction where "defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." Officer Porn testified at the sentencing hearing that Scott had dealt crack cocaine on two separate occasions in March 1993, while on bond for the instant offense. In United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991), this Court held that
 
 
 29
 [t]he District Court did not err when it denied defendant a two-point reduction for acceptance of responsibility. Defendant's acts while on bond awaiting sentencing [possessing close to a kilogram of cocaine and illegal drug proceeds] are not indicative of a person who is truly remorseful about her previous criminal conduct. (citation omitted.)
 
 
 30
 The Court finds that in view of Scott's conflicting statements at the plea hearing, the sentencing hearing and to the probation officer, denial of a two point reduction was not clearly erroneous. See United States v. Williams, 940 F.2d 176, 181 (6th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 666 (1991); 18 U.S.C. Sec. 3742(e).
 
 
 31
 For the foregoing reasons, the sentence imposed by the district court is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 We will not address the following two issues raised by Scott for the first time in his reply brief:
 Whether defendant should be assessed a one level increase for a loss between $2,000.00 and $5,000.00?
 and
 Whether defendant should be assessed the two level addition according to U.S.S.G. Sec. 4A1.1(D)?.
 See United States v. Jerkins, 871 F.2d 598, 602 n. 3 (6th Cir.1989); United States v. Brannon, 7 F.3d 516, ---- n. 2 (6th Cir.1993). Further, since appellant failed to contest the assessments at any time during the proceedings below, Mr. Scott has waived these objections, and we will therefore not consider these arguments on their merits. United States v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 2309 (1992); see also United States v. Lewis, 991 F.2d 322, 324 (6th Cir.1993).
 
 
 [2]
 The Obstructing or Impeding the Administration of Justice guideline (November 1991) reads in full:
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 [3]
 Application Note 3(h) (November 1991) was cited by the probation officer at page 23 of his Addendum to the PSR. The note provided as follows:
 The following is a non-exhaustive list of examples of the types of conduct to which this enhancement applies:
 * * *
 (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court;
 * * *
 
 
 [4]
 Although it was properly quoted in defendant's Objections to the PSR filed in the district court