64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John MAZZIE, Defendant-Appellant.
 No. 94-2425.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1995.
 
 Before: LIVELY, MARTIN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Mazzie appeals the sentence imposed by the district court following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1). Claiming that the district court erred in refusing to reduce the sentencing guidelines range that was reflected in both his plea agreement and the presentence report, Mazzie asks this Court to remand his case for resentencing. For the following reasons, we affirm Mazzie's sentence.
 
 
 2
 On April 15, 1994, law enforcement officials executed a search warrant at Mazzie's Brownstone Township, Michigan residence. In his kitchen, they recovered a loaded 12-gauge shotgun, which Mazzie admitted was his. A federal grand jury returned an indictment on July 6, charging Mazzie with one count of possessing a firearm by a convicted felon in violation of 18 U.S.C. Sec. 922(g)(1). On September 8, Mazzie pled guilty to the indictment, pursuant to a Rule 11 plea agreement. The written agreement identified a sentencing guideline range of twelve to eighteen months. In addition, it provided that "all sentencing guidelines provisions that would affect defendant's guideline range have been identified in this agreement (which includes the attached worksheets), and that the parties will raise no others." Notwithstanding the express terms of the agreement, Mazzie asked the court to reduce his base offense level and also requested a six-level "sporting purposes" reduction under USSG Sec. 2K2.1(b)(2) at his sentencing hearing. The plea agreement did not identify these reductions as "sentencing guidelines provisions that would affect defendant's guideline range." The district court denied Mazzie's request, observing that there was no evidence to support a "sporting purposes" reduction. The court then sentenced Mazzie to a one-year, six-month term of imprisonment, to be followed by a four-year period of supervised release. This timely appeal followed.
 
 
 3
 Mazzie now argues that he possessed the shotgun "solely for lawful sporting purposes," USSG Sec. 2K2.1(b)(2), and that therefore, the district court should have lowered the sentencing guidelines range of twelve to eighteen months identified in the plea agreement and the presentence report. He claims that in light of Section 2K2.1(b)(2), the appropriate guidelines range was actually one to seven months. According to Mazzie, when the "sporting purposes" evidence came to light at sentencing, the district court was required to either determine whether Mazzie possessed the gun "solely for lawful sporting purposes" or state that it was ignoring disputed facts. Fed. R. Crim. P. 32(c)(1); United States v. Fry, 831 F.2d 664 (6th Cir. 1987). Mazzie contends that instead, the court incorrectly ruled that the "sporting purposes" reduction was inapplicable because he was a "prohibited person" under Section 2K2.1(a)(6). United States v. Shell, 972 F.2d 548, 550 (5th Cir. 1992).
 
 
 4
 The United States, in turn, argues that the district court did not clearly err in ruling that "[t]here is absolutely no showing on this record that [Mazzie] had his firearm only for sporting purposes." See United States v. Morrison, 983 F.2d 730, 732 (6th Cir. 1993) (determining that the clearly erroneous standard applies to a district court's determination of whether a firearm possessed by a felon was used solely for lawful sporting purposes). It asserts that Mazzie failed to meet his burden of proving, by a preponderance of the evidence, that he was entitled to a base offense level reduction under the "sporting purposes" provision. Id. at 732-33 (citing United States v. Rodriguez, 896 F.2d 1031, 1032 (6th Cir. 1990)). Moreover, the United States maintains that by virtue of the express terms of his Rule 11 plea agreement, Mazzie could not seek a "sporting purposes" reduction; because Mazzie agreed not to seek any reductions not identified in the agreement and because the "sporting purposes" reduction was not so identified, he waived the right to seek a "sporting purposes" reduction. Instead, once the district court accepted the plea agreement, Mazzie became bound by the bargain that he made. United States v. Mandell, 905 F.2d 970, 972 (6th Cir. 1990) (citation omitted).
 
 
 5
 Contrary to Mazzie's claim, the district court did not misinterpret the applicability of 2K1.1(a)(6). The court did not determine that the category of "prohibited person[s]," which includes convicted felons such as Mazzie, could never benefit from the six-level "sporting purposes" reduction. Rather, the district court first determined that Mazzie's base offense level was fourteen, due to his "prohibited person" status. Then the court went on to address the applicability of the six-level "sporting purposes" reduction, concluding that there was no evidence that Mazzie possessed the shotgun only for sporting purposes. We agree with the district court that Mazzie failed to meet his burden of proving the applicability of that reduction. Morrison, 983 F.2d 732-33.
 
 
 6
 In any event, however, Mazzie's sentencing range was calculated and agreed to by the parties. That sentencing range, as identified in the worksheets attached to the plea agreement, was twelve to eighteen months. The district court merely imposed a sentence at the upper end of the range recommended in the plea agreement. Moreover, in Section 2A of the written plea agreement, the parties agreed that all of the sentencing guidelines provisions that would affect Mazzie's guideline range were identified in the agreement. Therefore, Mazzie was prohibited from later requesting any reduction that was not identified in the agreement. Mazzie received the benefit of his bargain and cannot now argue that the district court erred in following the precise course that he sanctioned in the plea agreement. By appealing a stipulated issue that he agreed not to challenge, Mazzie is impermissibly attempting to void his plea agreement. United States v. Allison, 1995 WL 422687, * 3 (6th Cir. July 19, 1995). Therefore, we find that by pleading guilty, Mazzie waived his right to appeal this issue.
 
 
 7
 For the foregoing reasons, we AFFIRM the sentence imposed by the district court.