78 F.3d 585
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Thomas A. LADRIG (95-1295); Joseph Flores (95-1687),
Defendants-Appellants.
 Nos. 95-1295, 95-1687.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1996.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants raise several challenges to their convictions and sentences in this consolidated appeal. We AFFIRM.
 
 I.
 
 2
 On May 23, 1994, Edward Kelman, a confidential informant, delivered eight pounds of marijuana to defendant Thomas Ladrig's residence. Ladrig was acting as an agent for defendant Joseph Flores. Flores, who came to inspect the marijuana, bought four pounds at $1025 per pound. Flores also negotiated with Kelman to purchase fifty pounds at $800 per pound. Flores and Kelman agreed that this additional transaction would be completed within the next few days, and definitely before the Memorial Day weekend. Ladrig was not involved in this discussion.
 
 
 3
 Kelman left Ladrig's residence with the money and remaining drugs at approximately 11:32 p.m. on May 23, 1994. Within minutes of Kelman's departure, an entry team entered the premises and conducted a security sweep of Ladrig's house. The search warrant was issued at approximately 12:45 a.m. on May 24, 1994. The officers discovered four pounds of marijuana as well as other smaller amounts, currency, a triple beam scale and other items.
 
 
 4
 Defendants were indicted on June 15, 1994. Flores was charged with conspiring to distribute marijuana and with possession with intent to distribute marijuana. Ladrig was also charged in the conspiracy count and with simple possession of marijuana.
 
 
 5
 The district court denied defendant Ladrig's suppression and entrapment motions. Flores pled guilty to the conspiracy count with the condition that any sentence imposed be limited to the midpoint of the guideline range as calculated by the district court. Ladrig entered into a conditional plea to a charge of possession of marijuana, with a guideline range for the conspiracy count. Over defendant's objection, the district court sentenced Flores to a forty-five month term of imprisonment. Ladrig received a one-year term of imprisonment.
 
 II.
 A.
 
 6
 Defendant Flores argues that the district court erred in including in his base offense level calculation the fifty pounds of marijuana under negotiation. He argues that the district court (1) improperly shifted the burden of proving that the defendant did not have the intent or means of completing the transaction to the defendant, and (2) incorrectly concluded that Flores had not met that burden of proof.
 
 
 7
 Although the version of Application Note 12 in effect at the time of defendant's sentencing, see U.S.S.G. § 2D1.1 comment. (n. 12) (Nov. 1994), did not explicitly state who had the burden of proof as to intent and capacity, case law in this circuit had allocated that burden to defendant. See United States v. Christian, 942 F.2d 363, 368 (6th Cir.1991), cert. denied, 502 U.S. 1045 (1992), and United States v. Rodriguez, 896 F.2d 1031, 1033 (6th Cir.1990) (both holding that once the government satisfies its burden of establishing a negotiated amount, the burden shifts to the defendant to prove lack of intent and capacity).[1] United States v. Gessa, 971 F.2d 1257 (6th Cir.1992) is not to the contrary. The district court therefore correctly placed the burden as to intent and capacity on Flores.
 
 
 8
 Defendant also argues that he met his burden of proof on these questions with his wife's testimony. The district court found this evidence "inconclusive and ultimately unpersuasive." (J.A. 380-81.) Rather, the court held that the evidence reflected a person who had negotiated for a substantial amount of marijuana and who had substantial amounts of cash readily available to him. (J.A. 380.) This factual finding is supported by the record and is not clearly erroneous. See United States v. Williams, 962 F.2d 1218, 1221 (6th Cir.), cert. denied, 506 U.S. 892 (1992). As noted by the government, Kelman's grand jury testimony confirmed that Flores was interested in purchasing an additional amount of marijuana. When Kelman indicated that Flores would have to purchase fifty pounds to receive the $800 price, Flores did not balk, but indicated that he wanted to show the people he was working with the four pounds already acquired, and that if they liked it would set up a deal. (J.A. 378.) Thus, we agree with the government that "whatever may have been the financial circumstances of the restaurant, the evidence suggested that he was trafficking in marihuana with an unnamed group of individuals who intended to provide at least a portion of the purchase price." (Govt's Br. at 15.)
 
 B.
 
 9
 Defendant Ladrig argues first that the district court erroneously denied his motion to suppress. He claims that the search and seizure took place prior to issuance of the warrant, and that the scope of the initial protective sweep was exceeded.
 
 
 10
 Ladrig claims that the search of his residence occurred prior to the issuance of the warrant at 12:45 a.m. on May 24, 1994, as evidenced by inconsistent dates on several documents. Acknowledging that there was conflicting testimony from the officers, the district court nonetheless concluded that any inconsistencies were basically matters of detail, and therefore found no evidence to conclude that the actual search for evidence was carried out before the warrant was issued. (J.A. 285-86.) We cannot say that this conclusion, which is based entirely upon credibility determinations by the district court, is clearly erroneous. United States v. Cooke, 915 F.2d 250, 252 (6th Cir.1990).
 
 
 11
 Defendant also contends that the officers exceeded the scope of the initial protective sweep. He objects to the entry team officers' examination of the black bag containing the four pounds of marijuana, which defendant maintains was closed. Assuming arguendo that the initial search was improper, we nonetheless conclude that any taint was cured under the doctrine of inevitable discovery. Nix v. Williams, 467 U.S. 431, 448 (1984).
 
 
 12
 Although the affidavit in support of the search warrant refers in paragraph K to the marijuana, we believe that were other "compelling facts establishing that the disputed evidence inevitably would have been discovered in any event." United States v. Kennedy, 61 F.3d 494, 500 (6th Cir.1995), petition for cert. filed, 64 U.S.L.W. 3469 (U.S. Dec. 26, 1995) (No. 95-1043). As noted in the affidavit, Officer Dankert also knew that Kelman, the confidential informant, had entered Ladrig's residence with eight pounds of marijuana and exited with only four pounds and over $4000 in cash. (See J.A. 196, p G.) Thus, issuance of the warrant would have been proper even if the marijuana had not been sighted during the initial entry and protective sweep. Cf. United States v. Ford, 22 F.3d 374, 378-79 (1st Cir.) (after striking tainted evidence, supporting affidavit supported a finding of probable cause to issue search warrant), cert. denied, 115 S.Ct. 257 (1994).
 
 
 13
 Ladrig also contends that the lower court erred in declining to grant defendant's motion to dismiss based on the defense of entrapment. We agree with the district court that Ladrig failed to prove as a matter of law that he lacked predisposition and that the matter was therefore appropriate for resolution by the jury. See United States v. Tucker, 28 F.3d 1420, 1428-29 (6th Cir.1994), cert. denied, 115 S.Ct. 1426 (1995).
 
 
 14
 For all the foregoing reasons, defendant Flores' sentence is AFFIRMED; and the judgment of conviction of defendant Ladrig is likewise AFFIRMED.
 
 
 
 [1]
 The guidelines were most recently amended to clarify that the burden of establishing lack of intent or capacity is on the defendant. See U.S.S.G. § 2D1.1 (n. 12) (Nov. 1995)