**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Susan TUCKER, Defendant–Appellant.**

**No. 90–5101.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 3, 1990.

Decided Feb. 19, 1991.

Rehearing Denied March 20, 1991.

Joseph M. Whittle, U.S. Atty., Terry Cushing, (argued), David P. Grise, Asst. U.S. Attys., Louisville, Ky., for plaintiff-appellee.

Katie M. Brophy (argued), Fischer, Thomas, Brophy & Shake, Louisville, Ky., for defendant-appellant.

Before RYAN and NORRIS, Circuit Judges; and JOINER, Senior District Judge.*

RYAN, Circuit Judge.

Defendant-appellant Susan Tucker appeals her sentence of thirty-three months imprisonment and three years of supervised release for conspiring to manufacture, and to possess with the intent to distribute, marijuana. The issue before us on appeal is:

> Whether the district court clearly erred in refusing to grant a two level decrease for acceptance of responsibility, under section 3E1.1 of the Sentencing Guidelines, when Tucker entered a guilty plea pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

We conclude that the district court erred in ruling that Tucker's *Alford* plea categorically precluded an acceptance of responsibility reduction but hold that Tucker is not entitled to such a reduction because she failed to prove by a preponderance of the evidence that she accepted responsibility for her actions.

---

* The Honorable Charles W. Joiner, Senior Judge of the United States District Court for the East-

## I.

On October 2, 1989, Susan Tucker pled guilty to conspiring to manufacture, and possess with the intent to distribute, approximately 959 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea was offered and accepted pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Tucker's sentencing guideline imprisonment range, based upon an offense level of 20 and criminal history category of I, was 33 to 41 months. Tucker received a four level reduction for her minor role in the offense, but the court refused to consider a two level reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. The district court sentenced Tucker to thirty-three months of imprisonment and three years of supervised release.

## II.

### A. Standard of Review

Appellate review of the sentencing guidelines is governed by the clearly erroneous standard. 18 U.S.C. § 3742; *United States v. Fleener,* 900 F.2d 914, 917 (6th Cir.1990). When appeals involve acceptance of responsibility, appellate courts should recall that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Application Note 5, U.S.S.G. § 3E1.1. A defendant wishing to receive a reduction for acceptance of responsibility must prove facts entitling her to such a reduction by a preponderance of the evidence. *United States v. Rodriguez,* 896 F.2d 1031, 1032 (6th Cir.1990).

### B. Trial Court's Refusal to Reduce Sentence for Acceptance of Responsibility

The Sentencing Guidelines provide for a two point reduction for acceptance of re-

ern District of Michigan, sitting by designation.

sponsibility when the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct ..." U.S.S.G. § 3E1.1(a). The court may consider such a reduction "without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." U.S.S.G. § 3E1.1(b). In making this determination, the court may consider:

(a) voluntary termination or withdrawal from criminal conduct or associations;

(b) voluntary payment of restitution prior to adjudication of guilt;

(c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense; and

(g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

Application Note 1, U.S.S.G. § 3E1.1. Simply entering a guilty plea does not entitle a defendant to a reduction as a matter of right. U.S.S.G. § 3E1.1(c).

■ Tucker entered an *Alford* plea expressing her willingness to forego a trial but maintaining her innocence. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Tucker believed that she would be found guilty because she lived with her boyfriend on the farm where he grew the marijuana and did not report him; she stated, however, that she was not guilty.

The sentencing court found, and the government argues on appeal, that entering an *Alford* plea is logically inconsistent with acceptance of responsibility and therefore Tucker was not entitled to a two point reduction. Tucker argues that the trial court erred in refusing to consider a two point reduction because of the *Alford* plea.

The language of section 3E1.1 supports Tucker's position. According to this section, the court may consider the reduction "without regard" to whether the defendant's conviction is based upon a guilty plea or a finding of guilt by the court or jury or "the practical certainty of conviction at trial". U.S.S.G. § 3E1.1(b). The Guidelines, then, explicitly provide that a guilty plea alone is not a basis for denying an acceptance of responsibility reduction. The question for us now to decide is whether an *Alford* plea so differs from other guilty pleas so as to take it out of the specific mandate of the Guidelines that a guilty plea does not preclude consideration. At first glance, it may be perfectly logical that a defendant's pleading guilty while maintaining his innocence does not amount to accepting responsibility. A closer look at the Guideline, however, indicates that an *Alford* plea does not bar such a reduction. First, the language of the Guideline states that a court may not consider that a guilty plea is based on "the practical certainty of conviction at trial." This language recognizes the problem addressed by *Alford* pleas and arguably allows a reduction despite such pleas. Second, the factors to be considered by the court in considering requests for an acceptance of responsibility reduction are not inconsistent with *Alford* pleas. For example, a defendant, while pleading guilty and maintaining his innocence may still voluntarily resign from the office or position held during the commission of the offense, Application Note 1(f), or voluntarily assist the authorities in recovering the fruits and instrumentalities of the offense, Application Note 1(e).

In the only case discussing this issue, the Eleventh Circuit, while not deciding this issue for us today, held that an *Alford* plea does not necessarily bar such a reduction. In *United States v. Rodriguez,* 905 F.2d 372 (11th Cir.1990), the court expressly stated that "we are inclined to think that such a per se rule (that *Alford* pleas bar acceptance of responsibility reductions) would not be consistent with the intent of the guidelines ..." *Id.* at 373. The court was not required to conclusively resolve

the issue, however, because the district court had not automatically precluded an acceptance of responsibility reduction but had relied on facts in the sentencing report indicating that the defendant had not accepted responsibility.

The Eleventh Circuit's inclination that such an automatic bar is inconsistent with the guidelines is supported by a recent decision of this circuit refusing to bar an acceptance of responsibility deduction when the defendant argued entrapment. In *United States v. Fleener,* 900 F.2d 914 (6th Cir.1990), this circuit rejected the prosecution's argument that invoking the entrapment defense precludes acceptance of responsibility. Although the court relied on section 3E1.1(b) and Application Note 2, which allow a reduction even when the defendant stands trial and is convicted, the court's holding indicates that acceptance of responsibility is not precluded when a defendant refuses to assert responsibility for all facets of his conduct throughout the proceedings.

■ Although we think the district court erred in refusing *to consider* Tucker's request for a section 3E1.1 reduction, Tucker, based on our examination of the record, is still not entitled to such a reduction. The Sentencing Guidelines expressly provide that simply entering a guilty plea will not entitle a defendant to a section 3E1.1 reduction. U.S.S.G. § 3E1.1(c). A defendant must prove, by a preponderance of the evidence, those facts entitling her to a reduction. *Rodriguez,* 896 F.2d at 1032. The sentencing hearing transcript, however, does not indicate any facts entitling Tucker to such relief. Because Tucker failed to sustain her burden, she is not entitled to an acceptance of responsibility reduction.

### III.

Although we hold that entry of an *Alford* plea does not, *per se,* preclude a section 3E1.1 reduction for acceptance of responsibility, we AFFIRM the sentence of the district court as Tucker did not meet her burden of proving that she accepted responsibility for her actions.