951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Elias GAGNON, Defendant-Appellant.
 No. 91-1835.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Henry Elias Gagnon, Jr. appeals from a sentence for illegal use of explosive materials. He maintains that the trial court should have applied a downward adjustment of his offense level because of his minor participation in the underlying offense. We affirm the decision of the district court.
 
 
 2
 * On July 28, 1990, a high school reunion party that Mr. Gagnon had helped to organize for Ontonagon High School was held at the Rockland "Y," a gravel pit near Rockland, Michigan. Daniel Bailey attended the party, and brought some dynamite used at the copper mine where he worked. Although Mr. Gagnon had reason to believe the dynamite was stolen, he agreed with Mr. Bailey to detonate the dynamite as part of the evening's entertainment. Mr. Gagnon instructed Mr. Bailey to go to the back of the pit away from most of the people, then grabbed a detonating wire and strung it out, while Mr. Bailey set up the dynamite. Mr. Gagnon also gave Mr. Bailey a beer keg to place over the dynamite to see what would happen. At about 6:00 a.m. on July 29, Mr. Bailey detonated the dynamite. The blast blew the beer keg into pieces, and one piece tore through a nearby portable toilet, injuring its occupant.
 
 
 3
 A federal grand jury returned a two-count indictment against Mr. Bailey and Mr. Gagnon. The indictment charged them with (1) receiving, concealing, transporting, storing, or disposing of explosive materials, in violation of 18 U.S.C. § 842(h), and (2) maliciously damaging and destroying personal property by means of an explosive, in violation of 18 U.S.C. § 844(i). Mr. Gagnon pled guilty to the first count pursuant to a plea bargain under which the government would dismiss the second count.
 
 
 4
 In Mr. Gagnon's sentencing report, he was assigned a criminal history category of I because he had no previous convictions. The base offense level for Mr. Gagnon's crime was six, and another six levels were added because he knew or had reason to know that the explosives involved were stolen. Finally, the report recommended a downward adjustment of two levels for acceptance of responsibility, leaving a total offense level of ten. For this combination of circumstances, the Sentencing Guidelines provide a range of 6-12 months. Mr. Gagnon claimed that he should receive a downward adjustment of the offense level because he was a minimal or minor participant in the crime. The report and the district court rejected this argument. Mr. Gagnon was sentenced to eight months of imprisonment, with two years of supervised release.
 
 II
 
 5
 When a defendant seeks to establish facts that would lead to a sentence reduction under the Guidelines, he must prove those facts by a preponderance of the evidence. United States v. Rodriguez, 896 F.2d 1031, 1032 (6th Cir.1990). The determination of relative culpability is heavily dependant upon the facts of each case. See generally United States v. Williams, 894 F.2d 208, 213-14 (6th Cir.1990). Appellate courts reviewing findings under the sentencing guidelines are governed by the "clearly erroneous" standard. United States v. Tucker, 925 F.2d 990, 991 (6th Cir.1991).
 
 
 6
 Mr. Gagnon argues that he should receive a reduction in his offense level under U.S.S.G. § 3B1.2, which provides that a "minimal participant" should receive a four-level reduction, a "minor participant" should receive a two-level reduction, and a participant who falls between these two categories should receive a three-level reduction. The commentary to this section defines these terms as follows:
 
 
 7
 Subsection (a) applies to a defendant who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant....
 
 
 8
 For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal.
 
 
 9
 Mr. Gagnon argues that he falls into one of these categories because he was significantly less culpable than Mr. Bailey, his co-defendant. Mr. Gagnon also asserts that the district judge below misconstrued the statute in passing sentence. At the sentencing hearing, Judge Bell made the following comments:
 
 
 10
 I think that the statute calling for a 10-year maximum encompasses the understanding that there will be other individuals such as Mr. Gagnon who are--play a less major role in an explosion situation but who necessarily are culpable and must be sentenced thereunder.
 
 
 11
 Mr. Gagnon contends that this represents an error by the district court, since U.S.S.G. § 2K1.3 (1990) provides the same base offense level for all those convicted under 18 U.S.C. § 842(h).[1] Thus, he reasons, all differences in culpability must be analyzed under the lesser participant rules of U.S.S.G. § 3B1.2.
 
 
 12
 Mr. Gagnon's arguments simply fail to prove his claim by a preponderance of the evidence. He admitted knowing that the dynamite was stolen. He admitted agreeing with Mr. Bailey to explode the dynamite as entertainment for the party. He admitted directing Mr. Bailey to a particular place and helping to string the wire. Finally, he admitted giving Mr. Bailey a keg to place atop the dynamite. Although he claimed to be trying to prevent Mr. Bailey from hurting others, the actual injury caused by the explosion resulted from the keg he provided. There is no indication that Mr. Bailey threatened him or caused him to do anything he did not want to do.
 
 
 13
 Given these facts, a reasonable mind could certainly agree with the district court's finding that Mr. Gagnon had full knowledge and understanding of Mr. Bailey's activities. This is all the government need prove on appeal, for "[t]his court will not disturb the district court's determination of a defendant's role in the criminal activity unless it is clearly erroneous." United States v. Williams, 940 F.2d 176, 180 (6th Cir.), petition for cert. filed, (U.S. Oct. 25, 1991) (No. 91-6339); see also 18 U.S.C. § 3742(e); United States v. Silverman, 889 F.2d 1531, 1540 (6th Cir.1989). In addition, any questions raised by the district court's construction of the statute do not affect this conclusion. As its background note makes clear, U.S.S.G. § 3B1.2 is designed to apply to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." (emphasis added) It is not designed to measure fine degrees of culpability.
 
 III
 
 14
 Mr. Gagnon has failed to demonstrate that the district court committed error in setting his sentence. Consequently, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 This is no longer true. By an amendment that went into effect on November 1, 1991, U.S.S.G. § 2K1.3 was repealed in full. Section 2K1.3 of the Guidelines now provides for a range of base offense levels under the statute, the lowest of which is twelve. However, since this amendment took effect after Mr. Gagnon's sentencing, it does not apply to his case