966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reynaldo Louis JACKSON, Defendant-Appellant.
 No. 91-6057.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1992.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Reynaldo Louis Jackson, appeals his sentence imposed in the United States District Court for the Eastern District of Tennessee. Defendant had been indicted on two counts, viz.; 1) violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, conspiracy to possess cocaine with intent to distribute and to distribute cocaine; and, 2) violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 aiding and abetting the possession of cocaine with intent to distribute. A plea agreement was reached in which defendant agreed to plead guilty to Count Two of the indictment. It was further agreed that for sentencing purposes all relevant conduct involved a maximum of 3.5 kilograms of cocaine and defendant would readily accept responsibility for the 156 grams of cocaine which were involved in Count Two of the indictment. Count One was dismissed. A Presentence Report (PSR) was issued setting the base offense level at 28. In addition, Defendant had two prior drug convictions. The PSR failed to give defendant any downward adjustment in his sentence based upon an acceptance of responsibility. Hence, the sentencing range was determined to be 87 to 108 months. A sentencing hearing was held in which both sides presented witnesses. Both sides agreed to reset the base offense level at 26. This was accomplished by agreeing that a lower amount of cocaine was involved. The amount of cocaine was agreed to be 1.8 kilograms. The district court then sentenced defendant to 83 months imprisonment. Defendant filed a timely Notice of Appeal. Defendant's contentions on appeal are not well taken, therefore, we affirm the order of the District Court.
 
 I.
 
 2
 During the sentencing hearing, the United States called Joe Duffy as a witness. Duffy was a co-conspirator of Jackson. Duffy testified he initially purchased cocaine from Jackson and a third person. Subsequently, Duffy continued to purchase one to three ounces of cocaine every month directly from defendant. On at least one occasion, Duffy purchased as much as a kilogram of cocaine (over two pounds) from defendant. He was finally arrested after having purchased another 156 grams of cocaine from defendant. Duffy also testified that, in cooperation with the police, he arranged to purchase another pound of cocaine from defendant. However, since Duffy hadn't paid defendant for the 156 grams of cocaine the police arrested him with, the one pound sale never took place. Duffy further testified that his transactions with defendant amounted to a total of at a least 1.8 kilograms. The government claimed that Mr. Jackson had been involved in sales of 3.5 kilograms of cocaine.
 
 
 3
 Defendant admitted responsibility for the 156 grams involved in the arrest. He has maintained that he was not involved in distributing the quantity of cocaine which the government has claimed. The parties reached an agreement that 1.8 kilograms could accurately represent the amount of cocaine involved in all of Mr. Jackson's transactions. This reduced the applicable sentencing category because the range is divided at under 2.0 kilograms and 2.0 to 3.5 kilograms. The District Court, when considering whether defendant was entitled to a downward reduction of his sentence, concluded that defendant had not accepted personal responsibility for his actions. The district court noted that until the sentencing hearing, defendant had never admitted the extent of his involvement in the offenses. It was only when an agreement could be reached (of 1.8 kilograms) which would call for a downward reduction in his base offense level, that defendant admitted responsibility. Thus, the district judge found defendant's acceptance motivated only by his self-interest.
 
 II.
 
 4
 Defendant contends the district court misapplied the sentencing guidelines by failing to give defendant credit for accepting responsibility for his actions. Defendant argues that, after his arrest in Florida, his willingness to travel from Florida to Tennessee to face this criminal prosecution demonstrates his acceptance of responsibility. He further argues that it was not until the sentencing hearing that the government offered to compromise on the total amount of cocaine involved, therefore, until that time, had he accepted responsibility, he would have done so for more cocaine than was actually involved. Defendant notes that he is not required to accept responsibility for all criminal conduct for which he was alleged to have committed.
 
 This court has previously held as follows:
 
 5
 In reviewing the sentencing court's determination regarding whether a defendant has accepted responsibility for his criminal activity, the appropriate standard is the clearly erroneous standard. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). The sentencing judge's determination here is entitled to great deference on review because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments. Id. at 923. Hence, a sentencing judge's determination, with respect to the issue of acceptance of responsibility, will not be disturbed unless it is without foundation. U.S.S.G. § 3E1.1 comment. (n. 5); United States v. Christoph, 904 F.2d 1036, 1041 (6th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 713, 112 L.Ed.2d 702 (1991).
 
 
 6
 United States v. Brown, 946 F.2d 1191, 1197 (6th Cir.1991).
 
 
 7
 A defendant wishing to receive a sentence reduction for acceptance of responsibility must prove facts entitling the defendant to such a reduction by a preponderance of the evidence. United States v. Rodriguez, 896 F.2d 1031, 1032 (6th Cir.1990). This court has also discussed the factors to be considered by the district court, holding as follows:
 
 
 8
 The Sentencing Guidelines provide for a two point reduction for acceptance of responsibility when the defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct ..." U.S.S.G. § 3E1.1(a). The court may consider such a reduction "without regard to whether his conviction is based upon a guilty plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." U.S.S.G. § 3E1.1(b). In making this determination, the court may consider:
 
 
 9
 (a) voluntary termination or withdrawal from criminal conduct or associations;
 
 
 10
 (b) voluntary payment of restitution prior to adjudication of guilt;
 
 
 11
 (c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;
 
 
 12
 (d) voluntary surrender to authorities promptly after commission of the offense;
 
 
 13
 (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
 
 
 14
 (f) voluntary resignation from the office or position held during the commission of the offense; and
 
 
 15
 (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.
 
 
 16
 Application Note 1, U.S.S.G. § 3E1.1. Simply entering a guilty plea does not entitle a defendant to a reduction as a matter of right. U.S.S.G. § 3E1.1(c).
 
 
 17
 United States v. Tucker, 925 F.2d 990 (6th Cir.1991) (emphasis added).
 
 III.
 
 18
 In the case sub judice, the district court judge put a great emphasis on the fact that defendant did not fully accept responsibility for his acts until it was apparent that there was overwhelming evidence against him in the testimony of Duffy. Although not relevant in terms of guilt, this evidence could have been used in analyzing defendant's relevant conduct for sentencing purposes. Duffy, defendant's accomplice, had testified that defendant had been involved in a great many cocaine transactions. Defendant had steadfastly accepted responsibility only insofar as the 156 grams of cocaine described in the indictment. It was only when he was confronted at the suppression hearing with the testimony of his accomplice, Joe Duffy, that he had been involved with at least 1.8 kilograms of cocaine, that he agreed to the government compromise which put a limit on his involvement at 1.8 kilograms. Furthermore, even agreeing to this limit was self-serving since it resulted in lowering his base offense level under the sentencing guidelines from 28 to 26.
 
 IV.
 
 19
 The district judge found that defendant had failed to fully accept responsibility for his acts and that what attempt he did make at accepting responsibility came too late. This is a valid criteria to be considered under the guidelines and is supported by the evidence. Upon review, this court cannot say that such a decision was clearly erroneous necessitating reversal.
 
 V.
 
 20
 The Judgment and Order of the District Court is hereby AFFIRMED.