968 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James R. WYLEY, Jr., Defendant-Appellant.
 No. 91-3904.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1992.
 
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Defendant James R. Wyley appeals his conviction of possession with intent to distribute crack cocaine and carrying a firearm in relation to a drug trafficking offense. For the following reasons, we AFFIRM.
 
 I.
 
 2
 On September 5, 1990, Cleveland Police Officers James Kiefer and John Traine were dispatched to the Garden Valley Estates, where it was reported that someone was firing a semi-automatic weapon. After investigating the Garden Valley Estates area, the officers proceeded to a nearby area where defendant lived. Defendant's address at 2487 East 83rd Street had previously been connected to a car which had been involved in similar shooting incidents. The officers observed defendant leave the house and get in his vehicle.
 
 
 3
 The officers followed defendant in their marked police car, and observed defendant run two stop signs. Officers Kiefer and Traine activated the lights and siren on the patrol car and pursued defendant's car. Defendant did not stop, Officers Kiefer and Traine chased him, and defendant was ultimately stopped by a road block set up by two other police officers.
 
 
 4
 Officers Kiefer and Traine observed defendant throw a black bag from the front seat of his car to the back seat. The officers ordered defendant out of the car and placed him under arrest. The officers searched the black bag and found a semi-automatic assault pistol. They searched defendant and in a leather bag around his neck found $250, two plastic bags containing 5.81 grams of cocaine base, and the receipts for the purchase of several weapons. In a briefcase in the car the officers found money wrappers used to bundle currency, a rock of cocaine base weighing 23.86 grams, plastic bags, scales, a cutting mirror, and razor blades.
 
 
 5
 Defendant was questioned by Special Agent Donald Illig of the Bureau of Alcohol, Tobacco & Firearms ("ATF"), and he consented to a search of his residences on East 83rd Street and East 116th Street. At these homes the Cleveland Police and ATF agents found weapons, a cellular telephone bill, scales, and a glass shooter for smoking crack cocaine.
 
 
 6
 Defendant was charged by a grand jury with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Defendant filed a motion to dismiss and a motion to suppress evidence. Prior to the beginning of the trial on May 8, 1991, the District Court denied both of defendant's motions. The jury convicted defendant of both counts. The District Court did not give defendant a sentence reduction for acceptance of responsibility, and sentenced defendant to 138 months. Defendant has appealed, claiming that his trial counsel provided ineffective assistance and that the District Court erred in denying defendant a sentence reduction for acceptance of responsibility.
 
 II.
 
 7
 Defendant argues that his trial counsel provided ineffective assistance. Defendant claims that the motion to suppress evidence filed by his counsel was insufficient because the District Court did not grant an evidentiary hearing, that the motion was not renewed after it was denied, and that counsel did not object to the testimony at trial relating to the stop and searches that were the subject of the suppression motion. Defendant argues that his counsel did not object to the testimony of Detective Michael Carosielli, who testified about the preparation, distribution and pricing of illegal drugs in Cleveland. Defendant argues that Carosielli's testimony of how crack cocaine is made was prejudicial to defendant because defendant was not charged with manufacturing crack. Carosielli also testified that automatic pistols are used by drug traffickers. Defendant argues that his counsel failed to object to the testimony of Special Agent Illig, and failed to object to a jury instruction regarding variations in descriptions made by different witnesses.
 
 
 8
 In order to prevail on an ineffectiveness of counsel claim, a defendant must show both that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (citing Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). In judging the reasonableness of counsel's actions, a court must determine whether, in light of all the circumstances, counsel's acts or omissions were outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. Counsel is strongly presumed to have provided adequate assistance. Id. An error by counsel, even if professionally unreasonable, does not warrant setting aside a conviction if the error had no effect on the conviction. Id. at 691.
 
 
 9
 Defendant argues that the evidence found in his car, on his person and in his residences should have been suppressed, but the motion to suppress evidence filed by his counsel was ineffective because it was vague and was not renewed after it was denied without a hearing. The motion to suppress filed by defendant's counsel on January 22, 1991 did not set forth specific facts or law to bolster defendant's argument that the evidence should be suppressed, but defendant has not alleged that defendant's counsel even had a meritorious argument to be made. Looking at the underlying merits, defendant does not have a valid claim that this evidence should have been suppressed. The police arrested defendant for traffic violations, conducted a valid search of defendant and his car incident to that arrest, New York v. Belton, 453 U.S. 454, 460 (1981), and defendant consented to the search of his residences. Therefore, counsel's failure to draft a more specific motion or his failure to renew this motion did not prejudice defendant. Thus, defendant has not established ineffective assistance regarding the motion to suppress.
 
 
 10
 We have reviewed defendant's other claims of ineffective assistance and, given that we do not second guess counsel's strategy and review to determine only whether counsel's assistance was reasonable, we find that defendant has not shown that counsel's conduct was objectively unreasonable or that he was prejudiced. We therefore find that defendant has not met his burden of proving ineffective assistance of counsel.
 
 III.
 
 11
 Defendant argues that the District Court erred in denying him a two-level reduction for acceptance of responsibility. At the sentencing hearing, defendant's counsel informed the court that defendant wanted to admit responsibility for the crime. Defendant told the court that he was guilty of the crime. The District Court told defendant that if he admitted that he was guilty, he would have a difficult time convincing the court of appeals on an appeal of the merits of his conviction. Defendant then stated that he did not want to accept responsibility. Defendant alleges that the District Court wrongfully interfered with his acceptance of responsibility.
 
 
 12
 Section 3E1.1 of the United States Sentencing Guidelines provides for a reduction of two offense levels if a defendant accepts responsibility for his criminal conduct. Whether a defendant has accepted responsibility is a factual question to be reviewed by this Court under a clearly erroneous standard. United States v. Wilson, 878 F.2d 921, 923 (6th Cir.1989). Application Note 2 to § 3E1.1 states that the reduction for acceptance of responsibility is not intended to apply to a defendant who denies his guilt and puts the government to its burden of proving the factual elements of the crime, and only after conviction admits guilt and expresses remorse. We find that the District Court's statement to defendant that his appeal would be difficult if he admitted his guilt was not applicable to the search and seizure issues, but was correct because an admission would impair defendant's ability to raise other issues on appeal. It is the burden of a defendant to prove, by a preponderance of the evidence, those facts that would entitle him to a reduction of acceptance for acceptance of responsibility. United States v. Tucker, 925 F.2d 990, 993 (6th Cir.1991). Here, defendant has not offered any facts to show that he was entitled to the reduction. We therefore find that the District Court's denial of a reduction for responsibility was not clearly erroneous.
 
 
 13
 Accordingly, we AFFIRM the District Court.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation