974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth HALLUM, Defendant-Appellant.
 No. 91-6233.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1992.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Kenneth Hallum appeals the judgment and sentence entered against him on charges of possession or attempted possession of marijuana with the intent to distribute, and the use of a firearm during and in relation to a drug trafficking offense. For the reasons set forth below, we AFFIRM the judgment and sentence entered by the District Court.
 
 I.
 
 2
 Defendant was arrested in a reverse sting operation by the Tennessee Highway Patrol. Defendant had previously been identified by an informant as a mid-level drug distributor. In August of 1990, Trooper Danny Williams arranged a sale of five pounds of marijuana to defendant through the assistance of a cooperating individual. The sale was to take place on August 30th at a pre-arranged location off the interstate highway. The transaction went as planned. Defendant and the cooperating individual, Todd Walker, met Trooper Williams at approximately four-thirty in the afternoon behind a barn on the property. Defendant sampled the marijuana from a one-pound package Williams had placed on the hood of his vehicle. After concluding the quality was satisfactory, he indicated that he was ready to proceed with the transaction. Williams informed him that he needed to see the money. Defendant went to the trunk of his car, opened it, and pulled out a "fanny pack." Defendant pulled the cash from the main compartment, in the front of the pack, and placed the pack back in the trunk, on top of the spare tire. Williams then told defendant that the rest of the marijuana was hidden in the barn, and defendant instructed Walker to retrieve it. Defendant remained within reach of the open car trunk during this time. Before Walker could retrieve the marijuana, however, defendant was arrested. In the fanny pack were five pieces of jewelry and a loaded .22 caliber pistol.
 
 
 3
 Defendant went to trial on both counts of the indictment, with count one charging him with possessing, or attempting to possess, marijuana with the intent to distribute it, and count two charging him with the use of a firearm during or in relation to a drug trafficking offense. At trial, defendant conceded the drug trafficking offense, but denied having the firearm "in relation to" the drug offense. Defendant contended that the gun was not in the same pocket as the cash, and that he kept it in his car for safekeeping, because his house had been recently robbed. The jury found him guilty on both counts.
 
 
 4
 Defendant alleges error in three regards. First, he contends that the District Court erred in not granting his motion for acquittal at the close of the trial. Defendant also alleges error with respect to the jury charge relating to the firearm offense. Finally, defendant contends that the court erred in declining to award him a two-point reduction under Section 3E1.1 of the United States Sentencing Guidelines for acceptance of responsibility.
 
 II.
 
 5
 Defendant effectively raises two issues with respect to his motion for acquittal. First, he suggests that this Court adopt a new standard of review for charges substantiated by circumstantial evidence. Under defendant's hypothesis, this Court should review the sufficiency of the evidence and the inferences that may justifiably be drawn therefrom not in the light most favorable to the government, which is our traditional standard, United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964); Holland v. United States, 348 U.S. 121 (1954), but rather in a manner that would require excluding every hypothesis except guilt. Were we possessed of the authority to alter the law of this Circuit in such a manner, we would decline to do so. Our standard of review for a denial of a motion for acquittal remains predicated on a review of the evidence, and all justifiable inferences therefrom, in a light most favorable to the government, and if a rational jury could find guilt based upon the evidence so viewed, the motion should be denied and the matter left for the jury.
 
 
 6
 Turning to the sufficiency of the evidence in this case, we find that the trial court correctly denied the motion for acquittal. The gun was conceded to be in the same "fanny pack" as the drug money. In fact, defendant testified that he routinely used the pack to carry his gun and cash to conduct drug transactions. The pack was within defendant's control during the entire transaction, and was within defendant's reach during the time his money was in the open. Defendant did not even leave the gun to retrieve the drugs, but rather instructed Walker to do so, while defendant remained at the open trunk with the gun in reach. This is clearly enough evidence, viewed in the light most favorable to the government, to support a jury finding that defendant used or carried a firearm during and in relation to a drug trafficking offense.
 
 
 7
 Defendant also objects to the jury charge given with respect to the "during and in relation to" aspect of his firearms conviction. We review the adequacy of jury instructions by reviewing them as a whole. Cupp v. Naughten, 414 U.S. 141, 146-47 (1973). In this case, the court instructed the jury as follows:
 
 
 8
 The "uses or carries a firearm" requirement may be met where firearms are found on property controlled or owned by the defendant and [are] in his actual or constructive possession, and it appears that the firearms are used to protect drugs or money or otherwise facilitate a drug transaction.
 
 
 9
 In determining whether a defendant used or carried a firearm, you may consider all the factors received in evidence in the case including the underlying drug trafficking crime, the proximity or nearness of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.
 
 
 10
 Although the government is not required to show that the defendant actually displayed or fired it, the government is required to prove beyond a reasonable doubt that the firearm was ... in the defendant's control at the time the drug trafficking crime was committed.
 
 
 11
 Defendant now argues that this language misled the jury by unduly emphasizing defendant's mere control over the gun, rather than his use or possession in relation to the drug trafficking offense. We disagree. The court explicitly stated that the "uses or carries" requirement can be met where a firearm is within a defendant's "actual or constructive possession, and it appears that the firearm[ ] [is] used to protect drugs or money or otherwise facilitate a drug transaction." (Emphasis added) Read as a whole, the instructions clearly required the jury to find that the firearm was used or carried during and in relation to the drug trafficking offense.
 
 
 12
 Finally, defendant contends that the District Court erred in declining to award him a two-point reduction under Section 3E1.1(a) of the Sentencing Guidelines. We review the District Court's findings of fact on this matter under a clearly erroneous standard of review. United States v. Christoph, 904 F.2d 1036, 1041 (6th Cir.1990), cert. denied, 111 S.Ct. 713 (1991). A defendant seeking a reduction for his acceptance of responsibility must establish the facts entitling him to the reduction by a preponderance of the evidence, United States v. Tucker, 925 F.2d 990 (6th Cir.1991), and a simple plea of guilty is not automatically or inherently sufficient. Christoph, 904 F.2d at 1040. The guidelines themselves note that relevant considerations include the timeliness of defendant's contrition and the voluntary termination or withdrawal from criminal conduct or associations. U.S.S.G. § 3E1.1, App.Notes 1(a) and (g).
 
 
 13
 In this case, the District Court found that defendant was arrested on independent drug and weapons violations while free on bond on these charges. The court also concluded that defendant's admission of guilt as to the possession with intent to distribute charge was merely a trial tactic, rather than a sincere acceptance of responsibility. The alleged acceptance of responsibility was also at the eleventh hour, during trial on both counts. Under these circumstances, the District Court had ample support for its conclusion that defendant did not warrant the reduction for acceptance of responsibility. We need not address the issue of whether defendant's acceptance of responsibility only as to the drug trafficking offense would be sufficient, in light of the tandem firearm use in connection with a drug trafficking offense, as to which defendant denied responsibility. The District Court found that defendant had not exhibited the degree of dissociation from criminal conduct to warrant a reduction under section 3E1.1(a), that finding is entitled to a great deal of deference, see U.S.S.G. § 3E1.1, App.Note 5, and we therefore find no error.
 
 III.
 
 14
 For the reasons set forth above, we AFFIRM the judgment and sentence entered by the District Court.