39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Barry DOHERTY, Defendant-Appellant.
 No. 93-5395.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Barry Doherty, was charged in a 31-count indictment with four counts of interstate transportation of stolen property, 26 counts of "money laundering," and one count of filing a false income tax return. He entered a plea of nolo contendere to all 31 counts and was sentenced to 50 months' incarceration, to be followed by two years of supervised release. Doherty was also ordered to make restitution in the amount of $615,000, but the district court declined to impose a fine, ruling that the defendant did not have the ability to pay a fine.
 
 
 2
 On appeal, Doherty challenges the district court's sentencing order, contending (1) that the court should have permitted a two-level reduction for acceptance of responsibility; (2) that the base offense level of 23 utilized by the court was inappropriate under USSG Sec. 2S1.1; (3) that the court improperly calculated the amount of restitution; and (4) that the court failed to determine the defendant's ability to comply with the order of restitution. We find no error in the calculation of the sentence imposed on the defendant. However, because we do find that the district court erred under the facts of this case in ordering restitution in the amount of $615,000 and because the district court may have failed to consider the defendant's ability to pay restitution, regardless of the amount ordered, we remand the case for reassessment of the order of restitution.
 
 
 3
 In September 1989, Barry Doherty owned and operated a jewelry store in Paducah, Kentucky. In order to purchase stock for his store, Doherty made an appointment with wholesale jewelry dealer David Moore to inspect Moore's inventory. Moore arrived at Doherty's store late in the afternoon on September 7, 1989, carrying over $600,000 worth of merchandise. After examining Moore's inventory, Doherty took Moore and another local jeweler to dinner at a nearby restaurant.
 
 
 4
 While the three men were at dinner, someone broke into Doherty's store, dismantled the alarm system, and stole Moore's entire inventory and almost $20,000 worth of Doherty's inventory. More than $3,000 in cash was left undisturbed in an open safe, however.
 
 
 5
 After the theft, sales records indicated that Doherty had sold items identical to those in Moore's inventory. These items were not accounted for in the appellant's purchase records. As charged in the indictment, a great deal of gold jewelry, totalling in excess of $60,000, was sent to several different smelting companies around the country, and various amounts of money were deposited in Doherty's bank account by wire transfer or check. After an extensive FBI investigation, Doherty was arrested and charged with the offenses set out in the indictment in this case.
 
 I.
 
 6
 On advice of counsel and without the benefit of a plea agreement, Doherty pleaded nolo contendere to all 31 counts of the indictment. Aside from saving the government the time and expense of a trial, the record fails to show that Doherty cooperated in any way with federal investigators. At the sentencing hearing, he was even given a last-minute opportunity by the district court judge to divulge to the government prosecutor any information that he might have had about the proceeds of the theft, but no such information was forthcoming.
 
 
 7
 Under these circumstances, we conclude that the district court properly declined to permit a two-level reduction for acceptance of responsibility. Although we have held that a plea of nolo contendere does not categorically preclude such a reduction, see United States v. Tucker, 925 F.2d 990, 992 (6th Cir.1991), it is also clear that a defendant entering a nolo plea must prove acceptance of responsibility by a preponderance of the evidence. Id. at 993. It must also be noted that a straight guilty plea does not automatically entitle a defendant to a Sec. 3E1.1 reduction. Id.
 
 
 8
 We reject the defendant's contention in this case that the district court "punished" him by denying a reduction because he did not assist the authorities in recovering the stolen jewelry at issue here. It is precisely such cooperation that the sentencing judge is directed to consider under Sec. 3E1.1, comment. (n. 1(e)).
 
 
 9
 In reviewing acceptance-of-responsibility questions, we must be mindful that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." Sec. 3E1.1, comment. (n. 5). Because we cannot say that the district court's decision to deny the requested two-level reduction was clearly erroneous, we decline to reverse the sentencing order on this basis.
 
 II.
 
 10
 Nor do we find that the district court erred in utilizing a base offense level of 23 in calculating the defendant's sentence for money laundering. The base offense level for that offense is controlled by USSG Sec. 2S1.1, which provides:
 
 
 11
 (a) Base Offense Level:
 
 
 12
 (1) 23, if convicted under 18 U.S.C. Sec. 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A);
 
 
 13
 (2) 20, otherwise.
 
 
 14
 There seems to be no dispute that Doherty was convicted under Sec. 1956(a)(1)(A). He contends on appeal, however, that the lower base offense level should be used because of the background commentary to Sec. 2S1.1, which includes the following language:
 
 
 15
 A higher base level is specified if the defendant is convicted under 18 U.S.C. Sec. 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) because those subsections apply to defendants who encouraged or facilitated the commission of further crimes....
 
 
 16
 The defendant argues that he did not "encourage or facilitate the commission of further crimes" and that he is, therefore, entitled to a base offense level of 20.
 
 
 17
 The government responds that the money laundering in this case did result in further criminal activity, i.e., the filing of a false income tax return. We conclude, without regard to the statement of purpose in the commentary, that the clear and unambiguous provision in Sec. 2S1.1(a)(1) requires the district court to utilize a base offense level of 23 in sentencing a defendant who is convicted of violation 18 U.S.C. Sec. 1956(a)(1)(A). That, of course, includes the defendant in the present case.
 
 III.
 
 18
 The defendant next argues that, under 18 U.S.C. Sec. 3663(a)(1), the district court's order of restitution in the amount of $615,000 is improper. That figure corresponds to the wholesale value of the jewelry belonging to David Moore that was stolen from Doherty's jewelry store in September 1989. The defendant insists that because he was not charged with burglary or theft of Moore's property, his liability for restitution is limited to the amount of money specified in the first four counts of the indictment.
 
 
 19
 The government responds, first, by conceding that under 18 U.S.C. Sec. 3663(a)(1), an award of restitution to the victim of a crime is authorized "only for the loss caused by the specific conduct that is the basis of the offense of conviction." Hughey v. United States, 110 S.Ct. 1979, 1981 (1990). In Hughey, the United States Supreme Court reviewed a fact situation analytically similar to the one before us. There, the defendant was charged with three counts of theft and three counts of unauthorized use of a credit card. Hughey pleaded guilty to one count of unauthorized use of a credit card and the remaining charges were dismissed. Id. The government nevertheless asked for and secured an order of restitution in the amount of $90,431, representing the total losses that resulted from the unauthorized use of 21 credit cards that Hughey had stolen from various cardholders. Id. at 1982. On appeal, the Supreme Court read narrowly the language in 18 U.S.C. Sec. 3663(a)(1) ("when sentencing a defendant convicted of an offense ..., [the district court] may order ... that the defendant make restitution to any victim of the offense") to preclude an order of restitution covering losses related to offenses of which the defendant was not convicted. Thus, the Supreme Court concluded, Hughey could be ordered to repay only the amount of loss to the bank attributable to the single count of unauthorized use of a credit card to which he pleaded guilty--a total of $10,412.
 
 
 20
 Under the Hughey court's reading of Sec. 3663(a), the defendant in this case could not be required to pay restitution in an amount more than the losses related to the offenses of which he was convicted. However, as the government points out, following the release of the Hughey opinion, Congress rather quickly amended the Victim and Witness Protection Act to add two new provisions, Sec. 3663(a)(2) and (a)(3):
 
 
 21
 (2) For purposes of restitution, a victim of an offense that involves as an element a scheme, a conspiracy, or a pattern of criminal activity means any person directly harmed by the defendant's conduct in the course of the scheme, conspiracy, or pattern.
 
 
 22
 (3) The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.
 
 
 23
 This amendment became affective on November 29, 1990.
 
 
 24
 In the wake of the 1990 amendment to 18 U.S.C. Sec. 3663(a), we had the occasion to interpret the new provision in subsection (a)(2) in United States v. Jewett, 978 F.2d 248 (6th Cir.1992). There, the defendant pleaded guilty to two counts of mail fraud committed in the course of a bid-rigging scheme to defraud Ford Motor Company, in exchange for dismissal of all other charges. Id. at 250. The two offenses on which Jewett's convictions were based involved a total loss to Ford of approximately $69,000; Jewett was nevertheless ordered to pay restitution in the amount of $665,677, the full amount of Ford's losses over a five-year period. Id.
 
 
 25
 We held in Jewett that under Sec. 3663(a)(1), the defendant could not be ordered to pay more than $69,000, representing "the loss caused by the specific conduct that is the basis of the offense of conviction." Id. at 251 (quoting Hughey v. United States, 110 S.Ct. at 1981). But we also noted, sua sponte, that the 1990 amendment to Sec. 3663(a)(2) "expands the definition of a 'victim' in cases such as mail fraud, and, if applicable, would appear to authorize restitution in this case for all losses attributable to Jewett's scheme to defraud Ford." Jewett at 252 (citation omitted).
 
 
 26
 The government urges us, in conformity with Jewett, to uphold the restitution order against Doherty for the full amount of $615,000, representing the "direct harm" to David Moore as a result of Doherty's "scheme" to transport property stolen from Moore across state lines and "launder" the proceeds. However, unlike Jewett, who was convicted of an offense that includes a "scheme to defraud" as an essential element, see 18 U.S.C. Sec. 1341, Doherty's convictions are based on two offenses, 18 U.S.C. Sec. 1956 (money laundering) and 18 U.S.C. Sec. 2314 (interstate transportation of stolen property), neither of which include "a scheme, a conspiracy, or a pattern of criminal activity" as an essential element. Hence, under United States v. Clark, 957 F.2d 248, 253 (6th Cir.1992), 18 U.S.C. Sec. 3773(a) is not applicable to increase the amount of restitution in this case to the total amount of the victim's loss.
 
 
 27
 Clark involved charges of theft and conversion, and this court refused to order restitution beyond the value of the stolen cars which formed the basis for Clark's indictment and conviction. Citing Hughey, we held:
 
 
 28
 Section 3663(a)(2) by its terms extends only to those crimes where a scheme, conspiracy, or pattern of criminal activity is an element of the offense.
 
 
 29
 * * *
 
 
 30
 * * *
 
 
 31
 The indictment under which Clark was charged and convicted was limited to [two stolen FBI vehicles] and was brought solely under 18 U.S.C. Sec. 641. That section, however, does not include a scheme, conspiracy, or pattern of criminal conduct as an element of the offense. Therefore, the FBI was the only "victim" entitled to restitution under [18 U.S.C. Sec. 3663(a) ]. That Clark may have been involved in a [wider] scheme or pattern of stealing cars is, we believe, irrelevant; Clark was neither charged with nor convicted of such scheme or pattern, but merely with simple theft.
 
 
 32
 Clark, 957 F.2d at 253 (emphasis in original).
 
 
 33
 In this case, there is no doubt that Doherty engaged in a pattern of money laundering over a two-year period. Although this court has characterized money laundering as a "scheme," the offenses for which Doherty was convicted do not themselves include a scheme, conspiracy, or pattern of criminal activity as essential elements. Hence, under Clark, restitution can only be ordered for the amounts proven to relate to the money laundering transactions charged in the indictment. A remand is therefore necessary for a recalculation of the restitution assessed against the defendant.
 
 IV.
 
 34
 We also conclude that a remand of this matter to the district court is proper because that court, "in determining whether to order restitution under [18 U.S.C. Sec.] 3663 ... and the amount of restitution, [must] consider the amount of the loss sustained by any victim as a result of the offense[s], the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate," in compliance with 18 U.S.C. Sec. 3664(a). At the sentencing hearing below, the district court found specifically that the defendant did not have the financial ability to pay a fine as part of his sentence, and therefore declined to assess a fine, even in a token or minimal amount. At the same time, the district court ordered restitution in the amount of $615,000 without alluding to the Sec. 3664(a) factors set out above.
 
 
 35
 We have previously held that under the Victim and Witness Protection Act, "the record must contain some indication that the sentencing court considered the defendant's financial condition in ordering restitution." United States v. Purther, 823 F.2d 965, 969 (6th Cir.1987) (citing United States v. Durham, 755 F.2d 511 (6th Cir.1985)). However, in Purther we further noted that nothing in the statute or in our case law requires the district court to make explicit findings on the defendant's financial condition as a predicate for an order of restitution. Purther, 823 F.2d at 969.
 
 
 36
 More recently, in United States v. Padgett, 892 F.2d 445 (6th Cir.1989), we observed that in determining the amount of restitution that Padgett should make, the district court had before it a presentence report that contained "a detailed report on the defendant's financial condition, including information obtained from his income tax returns for the last several years and estimated values for properties owned by the defendant." Id. at 449. We held that "where the court has the required information before it, and the defendant is given an opportunity to challenge such information, no specific findings need be made on the record." Id.
 
 
 37
 In this case, the district court had information about the defendant's financial condition before it and concluded, based on that information, that Barry Doherty was financially unable to pay a fine. The court's simultaneous, implicit ruling that the defendant was financially able to pay significant restitution is, to say the least, incongruous and, under the circumstances, requires some explanation.
 
 
 38
 We point out that the presentence report contains the following recommendation under the heading "restitution":
 
 
 39
 60. Statutory Provisions: Counts 1 through 4. Pursuant to title 18 U.S.C. 3663, restitution may be ordered. In this case, restitution in the amount of $615,000.00 should be paid to the Department of Justice to be distributed to the victims. (Emphasis added.)
 
 
 40
 61. Guideline Provisions: In accordance with the provisions of Section 5E1.1(a)1, restitution shall be ordered. (Emphasis added.)
 
 
 41
 The evaluation factors in Sec. 3664(a) are not mentioned in item 60, and the language in item 61 appears to relieve the district court of its discretion to order restitution in whatever amount the court determines to be appropriate. Thus, in this case, unlike in Padgett, we hesitate to assume that the district court considered the Sec. 3664(a) factors simply from the fact that information regarding the defendant's financial condition was included in the presentence report. We recommend to the court that, on remand, full consideration be given the statutory factors before entry of a new order of restitution is made.
 
 
 42
 The district court's judgment sentencing the defendant to 50 months' incarceration is AFFIRMED. The case is REMANDED to the district court to permit a reassessment of the restitution in an amount consistent with this opinion and with the provisions of 18 U.S.C. Sec. 3664.