**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Allen Donnell ANTHONY,**
**Defendant–Appellant.**

No. 00–5703.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

Allen Donnell Anthony appeals the sentence of imprisonment imposed upon his plea of guilty to three counts of possessing with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Anthony's presentence investigation calculation resulted in a base offense level of 34 (including 2 points for possession of a firearm) with a reduction of three levels for acceptance of responsibility. Anthony challenged the relevant conduct set forth in the presentence investigation report (PSI). The district court conducted a sentencing hearing, heard testimony from Anthony and one of his co-defendants (Henry Rogers), found Rogers's testimony to be more credible with respect to the amount of heroin dealt by Anthony, and determined that Anthony's relevant conduct for sentencing purposes included the sale of approximately five ounces of heroin and seventeen grams of cocaine base. Accordingly, the district court set Anthony's offense level at 28. The district court also sustained Anthony's objection to the two-point enhancement for possession of a firearm, and determined that Anthony should receive a two-level reduction for acceptance of responsibility, but that he was not entitled to a three-level reduction. Thus, the district court sentenced Anthony to eighty-eight months of imprisonment to be followed by three years of supervised release.

In his timely appeal, Anthony claims that: 1) the district court erred by setting his offense level based upon Henry Rogers's inconsistent, contradictory, and clearly unreliable testimony; and 2) the district court erred in not allowing him a three-point reduction for acceptance of responsibility.

This court reviews a district court's drug quantity determination for clear error. *United States v. Hernandez,* 227 F.3d 686, 697 (6th Cir.2000), *pet. for cert. filed* (Dec. 26, 2000) (No. 00–9409), *and cert. denied,* 532 U.S. 1023, 121 S.Ct. 1967, 149 L.Ed.2d 760 (2001). The government must prove the amount to be attributed to a defendant by a preponderance of the evidence. *United States v. Walton,* 908 F.2d 1289, 1302 (6th Cir.1990). Testimonial evidence from a coconspirator may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable. *Hernandez,* 227 F.3d at 697. The court, however, does not generally review the district court's evaluation of whose testimony to credit. *United States v. Gessa,* 57 F.3d 493, 496 (6th Cir.1995). When a factual finding is based upon a decision to credit the testimony of one witness who has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error. *United States v. Ables,* 167 F.3d 1021, 1035 (6th Cir.1999), *cert. denied,* 527 U.S. 1027, 119 S.Ct. 2378, 144 L.Ed.2d 781 (1999).

■ The district court credited the testimony of Henry Rogers who testified that he and Anthony sold heroin a number of times together. Rogers also testified that Anthony was his weekly, if not daily, supplier of heroin in the six months prior to arrest, and he estimated that he and Anthony had distributed five ounces of heroin in the six months prior to arrest. Anthony, on the other hand, testified that he sold drugs only on the three occasions to which he pleaded guilty. Rogers's testimony is facially plausible, not internally inconsistent, and not contradicted by extrinsic evidence. Thus, the district court did not clearly err in crediting Henry Rogers's testimony. *See Ables*, 167 F.3d at 1035.

■ The district court did not err by declining to grant Anthony a three-level reduction in his offense level. The district court did not grant Anthony a three-level reduction under USSG § 3E1.1, but did grant Anthony a two-level reduction. Anthony argues that he was entitled to a three-level reduction because he was truthful regarding the counts to which he pleaded guilty. The court reviews for clear error a district court's factual findings regarding whether a defendant is entitled to an adjustment for acceptance of responsibility. *United States v. Childers*, 86 F.3d 562, 563 (6th Cir.1996). Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review. *United States v. Surratt*, 87 F.3d 814, 821 (6th Cir.1996). Whether the sentencing guidelines have been accurately applied to a particular set of facts is reviewed de novo. *United States v. Bennett*, 170 F.3d 632, 640 (6th Cir.1999).

A defendant seeking an acceptance-of-responsibility reduction must prove facts entitling him to such a reduction by a preponderance of the evidence. *United States v. Tucker*, 925 F.2d 990, 991 (6th Cir.1991). While a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility. USSG § 3E1.1, comment. (n.1(a)).

Review of the record reveals that Anthony falsely denied, or frivolously contested, relevant conduct that the district court determined to be true, and Anthony's false denial of relevant conduct is inconsistent with the kind of acceptance of responsibility that would entitle him to a full three-level reduction.

Accordingly, we hereby affirm the district court's judgment.